# United States District Court
## for the
### Western District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) 14-MJ- 617 |
| WILLIE HARRIS | ) |
| *Defendant* | ) |

**FILED JUL 21 2014 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __June 10, 2014__ in the County of __Monroe__ in the Western District of New York, the defendant violated _21_ U.S.C. § _841(a)(1)_ and _18_ U.S.C. §_922(g)(1)_, said offenses described as follows:

the defendant was in possession of a controlled substance with intent to distribute AND the defendant, a convicted felon, was in possession a firearm.

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

❏ Continued on the attached sheet.

*Complainant's signature*

BARRY W. COUCH, Special Agent,
Federal Bureau of Investigation
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __July 21, 2014__

City and State: __Rochester, New York__

*Judge's signature*

Hon. Jonathan W. Feldman, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- vs -

WILLIE HARRIS,

        Defendant.

14-MJ – 6/7

AFFIDAVIT

State of New York  )
County of Monroe  ) SS:
City of Rochester   )

I, Barry W. Couch, affirm to the following facts:

1. I am a Special Agent ("SA") of the Federal Bureau of Investigation (hereinafter "FBI"). I have been a Special Agent for approximately five years. I am currently assigned to the Buffalo Division, Rochester, New York, Resident Agency. My duties involve investigating federal crimes, including violations of Title 18, United States Code, Section 922, and Title 21, United States Code, Section 841.

2. This affidavit is submitted in support of a criminal complaint against Willie HARRIS ("HARRIS"), for violations of Title 21, United States Code, Section 841(a)(1) (possession of a controlled substance with intent to distribute), and Title 18, United States Code, Section 922(g)(1) (possession of firearm by a convicted felon). The assertions made herein are based solely upon the personal knowledge of your affiant or upon information I have received during this investigation, including various reports and discussions with other law enforcement agents, all of which are true and correct to the best of my knowledge and

1

belief. Further, I have had discussions with other law enforcement agents who have confirmed the accuracy of the information contained within this affidavit.

3. On June 10, 2014, FBI Task Force Officer (hereinafter "TFO") Brian Tucker and your affiant interviewed HARRIS outside his residence which is located at 49 Troup Street, Apartment 21, Rochester, New York, as part of an investigation into HARRIS' alleged involvement in the sex trafficking of a minor. After discussions of the sex trafficking allegations took place, HARRIS was informed that the FBI had a federal search warrant for his residence. HARRIS was then asked if there was a gun in his residence. HARRIS responded, "I'm not going to lie" and admitted that he had a gun in his residence. He described it as, "a sawed off rifle, a sawed off little thing." Agents also asked HARRIS if drugs were in his residence and he answered affirmatively. TFO Tucker asked HARRIS if it was "weed" and HARRIS said, "No, crack. Just a few bags." TFO Tucker then said, "So you are selling? What, just to friends?" HARRIS responded, "Yes, to make a little money, yeah." HARRIS also said, "I got to put a little money in my pocket."

4. A few minutes later, the FBI executed a federal search warrant at the 49 Troup Street, Apartment 21, Rochester, New York, location. During the execution of the search warrant, law enforcement seized, among other things, four small plastic bags containing what appeared to be crack cocaine, additional packaging materials used to package controlled substances for distribution, a digital scale, a sawed off shotgun with serial number P775429, as well as six shotgun shells.

2

5.      Later that same day, June 10, 2014, TFO Tucker and your affiant interviewed HARRIS again at the Rochester Police Department. TFO Tucker administered HARRIS his Miranda rights, which HARRIS acknowledged that he understood and agreed to waive. During the interview, law enforcement asked HARRIS about the gun, his drug sales and the incident with the minor. HARRIS made several admissions during the interview which, among other things, related to the firearm, the suspected controlled substances and the drug paraphernalia located at his residence. TFO Tucker prepared a written statement based upon the information provided by HARRIS. TFO Tucker asked HARRIS to read the first line and then TFO Tucker read aloud the remainder to HARRIS. HARRIS then signed the statement. In that written statement and in the verbal statements HARRIS had earlier made to TFO Tucker and SA Couch, HARRIS admitted, in pertinent part and in sum and substance, that there was a "sawed off rifle" in the 49 Troup Street, Apartment 21, Rochester, New York, residence. He further admitted to selling crack cocaine to "buy clothes and put some money in my pocket." HARRIS also stated that he, "had like 3 bags of crask [sic] and about $200.00" in his apartment. HARRIS also stated, "This morning I was going to buy another 8 ball and get bags to package it up." HARRIS denied the firearm which officers located in the residence belonged to him. HARRIS said that the firearm belonged to his nephew and that his nephew brought it to HARRIS "last week and asked me to hold it. I left it wrapped up with the shells in a plastic tub in my main room. I have never fired that gun and I have only had it at my house for about a week. Last night 'Little D' called me and said he was coming over to get it because he was going to "juke" someone, but he never showed up. I know it was wrong to have it but I was just holding it for him."

6.  Later that same day, June 10, 2014, Rochester Police Department Investigator Ruben Padilla examined the suspected controlled substance from one of the small plastic bags referred to above. Investigator Padilla conducted a Cocaine Salts and Base Reagent Field Test upon the substance and received a positive indication for the presence of cocaine.

7.  The sawed off shotgun, which is more particularly described as one 12 gauge, Mossberg 500A slide action shotgun, bearing serial number P775429, which was seized by the FBI from HARRIS' residence on June 10, 2014, meets the definition of a firearm as described in Title 18, United States Code, Section 921(a)(3), because it is capable of expelling a projectile by the force of an explosion. Further, in connection with this investigation, Bureau of Alcohol, Tobacco, Firearms, and Explosives Special Agent Ryan Szwejbka, an expert on the origin of manufacture for firearms, reviewed the description of the seized firearm. Based on that description, he determined that the firearm was not manufactured in the State of New York and, therefore, would have traveled in interstate commerce.

8.  Based upon my training and experience, and discussions with other law enforcement officers, the suspected cocaine, the packaging materials and scale seized from the defendant's residence are consistent with re-sale or distribution of controlled substances and not personal use.

9.  A review of HARRIS' criminal history shows that he was convicted in Monroe County Court, Monroe County, New York, of Robbery in the 3rd Degree, in violation of New

York State Penal Law Section 160.05, a Class D Felony, on or about April 7, 1993, and was sentenced to a term of imprisonment of one year. A review of HARRIS' criminal history shows that he was also convicted in Monroe County Court, Monroe County, New York, of Attempted Burglary in the 2nd Degree, in violation of New York State Penal Law Section 140.25, a Class D Felony, on or about August 28, 1995, and was sentenced to a term of imprisonment of between two and four years. A review of HARRIS' criminal history shows that he was also convicted in Monroe County Court, Monroe County, New York, of Criminal Sale of a Controlled Substance in the 3rd Degree, in violation of New York State Penal Law Section 220.39(1), a Class B Felony, on or about May 1, 2003, and was sentenced to a term of imprisonment of between fifty-four months to nine years.

10. Based on the above information, your affiant submits there is probable cause to believe that on June 10, 2014, in the City of Rochester, County of Monroe, Western District of New York, Willie HARRIS, was in violation of Title 21, United States Code, Section 841(a)(1) (possession of a controlled substance with intent to distribute), and Title 18, United States Code, Section 922(g)(1) (possession of firearm by a convicted felon).

Barry W. Couch
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed to before me
this 21 day of July, 2014.

HONORABLE JONATHAN W. FELDMAN
United States Magistrate Judge

5