UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

WILLIE HARRIS,

        Defendant.

ORDER OF
DETENTION
14-MJ-617

Pursuant to 18 U.S.C. § 3142(f), the government has moved for pretrial detention of defendant Willie Harris (hereinafter referred to as "defendant" or "Harris") on the dual grounds that he presents a danger to the community and a risk of flight.[1]  A detention hearing was held on September 15, 2014.  Both the government and the defendant proceeded by proffer.

### Findings of Fact

The defendant is a forty-four-year-old man who was born in Rochester, New York and has lived in Rochester for most of his life, although, as the pretrial services report indicates, Harris has spent substantial periods of time in various correctional facilities.  The complaint pending before this Court charges the defendant with serious federal firearm and narcotics offenses. Harris is currently charged with being a felon in possession of a

---

[1] The Government bears the burden of proving the defendant's risk of flight by a preponderance of the evidence and his dangerousness by the "clear and convincing" evidence standard. United States v. Chimurenga, 760 F.2d 400, 403 (2d Cir. 1985).

firearm and with possession with intent to distribute crack cocaine. According to the government, if indicted and convicted of the charges alleged in the complaint, Harris faces a mandatory minimum sentence of fifteen years incarceration and a maximum of life in prison.

The Government proffered to the Court that the case against the defendant is very strong. On June 10, 2014, the FBI interviewed the defendant outside his residence prior to executing a search warrant. At the time of the search, Harris resided at 41 Troup Street, Apartment 21 in the City of Rochester. During the interview, the defendant allegedly told the agents that they would find a firearm and several bags of crack cocaine in his residence. The agents searched the residence and found a sawed off shotgun, ammunition, several bags of crack cocaine, drug packaging materials, a digital scale, and United States currency. Photographs of the items found and seized were introduced at the detention hearing. See Government Exhibit 1. After the search was completed, the defendant gave a signed statement to law enforcement admitting his possession of the gun and the drugs, as well as his drug trafficking activities. See Government Exhibit 2.

The defendant has a lengthy criminal history, including felony convictions for robbery, burglary, and criminal sale of a controlled substance. The defendant also has nine other misdemeanor criminal convictions for various offenses including petit larceny, possession of stolen property, criminal contempt,

and aggravated harassment. Harris has spent a substantial amount of his life in prison as a result of these convictions. According the Pretrial Services Report, at the time of his arrest, Harris was regularly using cocaine and marijuana and consuming alcohol. He has attended substance abuse treatment but admitted that he continued to abuse drugs while in treatment. The defendant reports mental health problems, including "hearing voices," but has never attended mental health treatment. Prior to his arrest, the defendant was receiving social security disability payments for a hip problem.

Defense counsel proffered that Harris fully cooperated with law enforcement upon his arrest, and if released, he could live with his sister in the City of Rochester.

## Discussion

Despite Harris' cooperation upon arrest, I find that the defendant presents a substantial danger to the community. The evidence adduced at the detention hearing satisfies the Court that the defendant should be detained because there are no conditions or combination of conditions that would reasonably assure the Court that the defendant would not be a danger to others.

The evidence against the defendant appears strong. Troubling on the issue of dangerousness is the evidence that the defendant was actively engaged in the business of drug trafficking at the

time of his arrest. The evidence associating the defendant with the possession of the sawed off shotgun is also problematic for Harris, and it heightens the Court's concern about the safety of the community if the defendant were released. "[I]t is clear that the harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger.'" United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985). See also United States v. Strong, 775 F.2d 504, 506 (3d Cir. 1985) ("The statutory language, as well as the legislative history, unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community"); United States v. Boorman, 130 F. Supp. 2d 394, 400 (W.D.N.Y. 2001) (where it appears that substantial part of defendant's livelihood is dependent on drug trafficking, it is likely that "defendant would return to drug trafficking if released"); United States v. Trammel, 922 F. Supp. 527, 532 (N.D. Okla. 1995) (defendant's ties to the community are not sufficient to overcome danger that defendant presents to community in light of "strong evidence" that defendant recently engaged in serious drug trafficking offense).

In addition, the defendant's history of being unable to abide by conditions of supervision also counsels in favor of detention. The defendant has been on parole several times during his life, and on each occasion he has had his parole revoked, clearly indicating that he has been unable or unwilling to comply with release conditions. There is nothing in his personal history or in his

4

proffer at the detention hearing that would suggest that release on these serious federal charges would be different. I have also considered the defendant's history of drug abuse and failure in drug treatment in making this decision to detain. Finally, the Court incorporates the findings of the Pretrial Services Report and agrees with their recommendation of detention.

In sum, Harris' drug trafficking activities, his association with weapons and his history of being unable to comply with conditions of parole release are sufficient reasons to compel pretrial detention on the basis of danger to the community.

## Conclusion

For the foregoing reasons, the Government's motion to detain the defendant without bail is hereby **granted**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 15, 2014
       Rochester, New York