IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 14-CR-6149EAW |
| -vs- | UNITED STATES' SUPPLEMENTAL |
| WILLIE HARRIS, | MEMORANDUM OF LAW |
| Defendant. | |

The United States of America, through its attorney, William J. Hochul, Jr., United States Attorney for the Western District of New York, Charles E. Moynihan, Assistant United States Attorney, of counsel, does hereby make and file its supplemental memorandum of law.

## PROCEDURAL HISTORY

The defendant, Willie Harris, currently stands indicted in a multiple-count indictment charging him with a firearms and controlled substance possession offenses stemming from his possession of a shot-barreled shotgun and cocaine on June 10, 2014. Among other things, Harris in his omnibus motions has moved to dismiss Count 4 as being multiplicitous with Count 5. (Notice of Motion and Affirmation of defense, pages 5-6). In relation to the defense motion for suppression of statements and physical evidence, the Court held an evidentiary hearing on January 30, 2015, and the parties provided post-hearing memoranda relating to the various issues. (See Post-Hearing Supplemental

Submission Regarding Motion to Suppress of defense filed on April 6, 2015; See also United States' Post-Hearing Memorandum of Law filed on April 10, 2015).

On June 23, 2015, the Court issued its Report and Recommendation in which it recommended denial of the defense motion for suppression of statements and physical evidence. However, it reserved decision on the motion to dismiss Count 4 of the Indictment as being multiplicitous and requested further argument relating to this issue. (See Report and Recommendation filed on June 23, 2015, pages 18-19). On June 30, 2015, the Court heard further argument and requested that each party submit an additional memorandum of law on this issue.

For those reasons stated below, the United States opposes Harris' motion to dismiss Count 4 of the Indictment as being multiplicitous.

## FACTS

On September 17, 2014, a United States grand jury sitting in the Western District of New York returned an indictment charging Harris with multiple drug trafficking and firearms related offenses in connection with conduct occurring at 49 Troup Street, Apartment 21, Rochester, New York, on or about June 10, 2014. (See Indictment filed on September 17, 2014).

Count 4 of the Indictment alleged a violation of 26 U.S.C. § 5861(c) (possession of a short-barreled shotgun). Specifically, Count 4 alleges that Harris possessed a Mossberg 500A slide action, 12 gauge shotgun, bearing serial number P775429, and that the barrel of the shotgun was less than 18 inches in length. Further, Count 4 alleges that the shotgun was made in violation of Chapter 53 of Title 26, United States Code. (See Indictment filed on September 17, 2014).

Count 5 alleged a violation of 26 U.S.C. § 5861(d) (possession of an unregistered short-barreled shotgun). (See Indictment filed on September 17, 2014). Specifically, Count 5 alleges that Harris possessed a Mossberg 500A slide action, 12 gauge shotgun, bearing serial number P775429, and that the barrel of the shotgun was less than 18 inches in length. Further, Count 5 alleges that the shotgun was not registered to Harris in the National Firearms Registration and Transfer Record. (See Indictment filed on September 17, 2014).

## SUMMARY OF ISSUES

I.   Whether Count 4 a separate offense as compared to Count 5.

**ARGUMENT**

I. **Count 4 is not a lesser included offense of Count 5. Rather, it is a separate and distinct offense requiring proof of separate and distinct elements.**

**A. Legal Standard**

Reviewing courts will evaluate this Court's conclusions of law under a de novo standard of review and under a clear error standard as to findings of fact. Pierce v. Underwood, 487 U.S. 552, 558 (1988).

The Fifth Amendment to the United States Constitution protects individuals from being placed in jeopardy for the same offense twice, either after acquittal or after conviction, and protects individuals from being punished multiple times for the same offense. U.S. Cont. amend. V; Albernaz v. United States, 450 U.S. 33, 343 (1981) citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offense or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

Relating to Count 4, Title 26, United States Code, Section 5845(a) defines firearm as "(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length . . ." 26 U.S.C. § 5845(a)(1)-(2).  Title 26,

United States Code, Section 5822 provides that [n]o person shall make a firearm unless he has" filed an application, paid any applicable tax, identified the firearm "to be made" on the application, "identified himself in the application form" and received approval. 26 U.S.C. § 5822. Title 26, United States Code, Section 5861(c), the provision under which Harris is charged in Count 4, makes it unlawful for a person "to receive or possess a firearm made in violation of the provisions of this chapter." 26 U.S.C. § 5861(c).

     Relating to Count 5, Title 26, United States Code, Section 5841, sets forth separate and additional requirements for the registration of a firearm, as the one at issue in this case, in the National Firearms Registration and Transfer Record. This section requires each manufacturer, importer, or maker of a firearm, as defined in Title 26, United States Code, Section 5845(a), to register each firearm he manufactures, imports or makes. It also requires that any transferor of a firearm register it to the transferee. 26 U.S.C. § 5841. Title 26, United States Code, Section 5861(d), the provision under which Harris is charged in Count 5, makes it unlawful for a person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d).

     Other courts have found that a defendant may be convicted of multiple violations based upon a single firearms transaction. See United States v. Arrington, 618 F.2d 1119, 1126 (5th Cir. 1980) (convictions under sections 5861 (d) and (i) upheld because "Each subsection required proof of facts that the other did not, and therefore constituted an offense different from the other"); United States v. Ponder, 522 F.2d 941, 943-44 (4th Cir. 1975) (convictions under sections 5861(b) and (d) upheld because "multiple convictions under 26

U.S.C. § may properly arise out of a single act or transaction so long as each offense proscribed requires proof of some fact the other does not"); United States v. Ackerson, 502 F.2d 300, 305-06 (8th Cir. 1974), vacated on other grounds, 419 U.S. 1099 (1975) (convictions under sections (c) and (d) upheld "as a matter of statutory interpretation . . ."); United States v. Jones, 487 F.2d 676, 679 (9th Cir. 1973) (convictions under sections 5861 (d), (e) and (i) upheld because each requires proof the does not and Congress possesses "the power to establish that a single act constitutes more than one offense" under such circumstances and nothing in the legislative history confines prosecutions to a single offense); United States v. Clements, 471 F.2d 1253, 1254 (9th Cir. 1972) (convictions under sections 5861(c), (d) and (f) upheld because the charges "are not identical because a different set of ultimate facts is necessary to sustain a conviction under each count"); United States v. Marshall, 2010 WL 5169816, 4 (S.D. Fla. 2010) (motion to dismiss charges brought under sections 5861(d) and (i) as multiplicitous denied because "all of the charged offenses contain at least one element that is not contained is the others").

     Notably, the United States District Court for the Eastern District of New York appears to have considered the same issue presented in this case. In United States v. Morales, 560 F.Supp. 666, (E.D.N.Y 1978), the court denied the defendant's motion to dismiss counts brought under 26 U.S.C. §§ 5861(c) and 5861(d) as being multiplex. In the Morales case, the court turned to the Blockburger test. Id. at 667. In denying the defendant's motion to dismiss, the court said, "In this case, the only element common to both counts is the fact of possession of a firearm." Id. The counts of the indictment brought under 26 U.S.C. § 5861(c) requires proof of compliance with 26 U.S.C. § 5822, while the

counts brought under 26 U.S.C. § 5861(d) "require proof of failure to register the defendant pursuant to § 5841." Id.

Multiple sentences for such multiple convictions may be impermissible if sentencing courts impose them consecutively. See United States v. Edick, 603 F.2d 772, 774 (9th Cir. 1979); United States v. Buchanan, 830 F.2d 146, 149 (10th Cir. 1987). However, some courts have held that such sentences are illegal only if they aggregate sentence imposed exceeds the 10 years statutory maximum penalty for a single violation of 26 U.S.C. § 5861. United States v. Talbott, 902 F.2d 1129, 1132-33 (4th Cir. 1990) (holding that "consecutive sentences may not be imposed for both possession and manufacture of a single firearm such that the total sentence exceeds the statutory maximum for one violation"); Rollins v. United States, 543 F2.d 574, 575 (5th Cir. 1975); Ackerson, 502 F.2d at 306; United States v. Tankersley, 492 F.2d 962, 969 (7th Cir. 1974).

B. **Argument**

Harris argues that Count 4 is a lesser included offense of Count 5 and ought to be dismissed based upon Double Jeopardy principles. However, application of the Blockburger test defeats this. The crimes charged in Counts 4 and 5 require that the government prove Harris possessed the short-barrel shotgun alleged in the Indictment. The similarities end there because each requires proof of a fact which the other does not. See Blockburger, 284 U.S. at 304.

7

Count 4, the violation of 26 U.S.C. § 5861(c), further requires the government to prove that the firearm was made in violation of the provisions set forth in 26 U.S.C. § 5822. Count 5, the violation of 26 U.S.C. § 5861(d), requires no proof of making of the firearm. Rather, it requires proof that the firearm was not registered to Harris in the National Firearms Registration and Transfer Record.  26 U.S.C. § 5841 sets forth the registration requirements.  This section is entirely separate from 26 U.S.C. § 5822, which sets forth requirements to make such a firearm in compliance with the law.  As a result, this Court can easily conclude that the violations alleged in Counts 4 and 5 require proof of separate and distinct facts.  Count 4 cannot, by definition, be a lesser included offense of Count 5.[1]

At the motion hearing before the Court, the Court inquired as to impact of United States v. Zalapa, 509 F.3d 1060 (9th Cir. 2007), on the question posed in the instant case. Zalapa is distinguishable from this case.  Zalapa was charged with possessing the same unregistered firearm under two counts alleging violations of the same subsection, 26 U.S.C. § 5861(d).  The two counts were different only in so far as the firearm in that case met the definition of firearm in that it was a "machinegun," as defined in 26 U.S.C. § 5845(a)(6) and as alleged in Count 2 of that indictment, as well as under short-barrel rifle under 26 U.S.C. § 5845(a)(3) and as alleged in Count 3 of that indictment.  The Ninth Circuit, Court of Appeals held that the convictions on both counts and the concurrent sentences imposed

---

[1] In its Report and Recommendation, the Court posed the question of whether a person could commit a violation of 26 U.S.C. § 5861(d) without necessarily violating 26 U.S.C. § 5861(c).  The government agrees that it is hard to envision a scenario where a person registers a firearm falling within the confines of the National Firearm Act that does not comply with terms specified in 26 U.S.C. § 5822.  However, a violation of 26 U.S.C. § 5861(d) does not require proof that the firearm is not compliant with 26 U.S.C. § 5822.  Rather, the proof under 26 U.S.C. § 5861(d) must show that the firearm in question meets the definition of firearm under 26 U.S.C. § 5845 and, among other things, is not registered to the defendant.

were multiplicitous. 509 F.3d at 1063. In so doing, the court noted that because both counts were charged under 26 U.S.C. § 5861(d), application of the Blockburger test was not required. 509 F.3d at 1062 n.1. However, Harris' case is different in that he is currently charged under two different sections, that of 26 U.S.C. §§ 5861(c) and 5861(d). As discussed above, each count requires the government prove facts not contemplated by the other. Application of the Blockburger test here does not call for dismissal of Count 4 as being multiplicitous to Count 5.

Likewise, at the motion hearing before the Court, the Court inquired as to impact of United States v. McTaw, 586 Fed.Appx. 612 (2nd Cir. 2014), on the question posed in the instant case. McTaw was charged with, and plead guilty to a three count indictment, Counts 2 and 3 of which charged violations of 26 U.S.C. §§ 5861(c) and 5861(d). The offenses surrounded the possession of a rifle with a shortened barrel which met the definition of a "firearm" under 26 U.S.C. §§ 5845(a)(3). McTaw challenged his conviction, arguing for the first time on appeal that the convictions under these two counts violated the Double Jeopardy Clause of the Fifth Amendment. McTaw, 586 Fed.Appx. at 612. Given the plain error standard of review for McTaw's claim because it was not raised at the trial court, the Second Circuit found that McTaw could not meet the standard. Finding no plain error because the court had not addressed this issue previously and it did not "observe a uniform rule among the circuits" on this question, the Second Circuit affirmed McTaw's convictions. Id. at 613-14.

However, it is important to note in its decision in McTaw, the Second Circuit began its analysis of the very question presented in this case by examining both counts using the Blockburger test. The Second Circuit stated:

> "The Double Jeopardy Clause of the Fifth Amendment, inter alia, 'protects against multiple punishments for the same offense.'" United States v. Polouizzi, 564 F.3d 142, 154 (2d Cir.2009) (quoting Schiro v. Farley, 510 U.S. 222, 229, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994)). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
>
> McTaw, Fed. Appx. at 613.

By framing the question in terms of the Blockburger test, the Second Circuit apparently agreed that the question presented here is properly examined using the Blockburger test, which does not call for dismissal of Count 4 as being multiplicitous.

## CONCLUSION

Given the position articulated above, the government asks that the Court deny the defense motion for dismissal of Count 4 as being multiplex with Count 5.

Dated:    Rochester, New York
          August 7, 2015

                              WILLIAM J. HOCHUL, Jr.
                              United States Attorney


                    By:    s/Charles E. Moynihan
                           CHARLES E. MOYNIHAN
                           Assistant United States Attorney
                           United States Attorney's Office
                           100 State Street, Room 500
                           Rochester, New York 14614
                           (585) 399-3971


To: Steven Slawinski, Esq.