UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**

6:14-CR-6149 EAW

WILLIE HARRIS,

Defendant.

### BACKGROUND

Defendant Willie Harris ("Defendant") is indicted on five counts of drug and gun-related offenses: (1) possession of cocaine with intent to distribute; (2) use of premises to manufacture, distribute, and use a controlled substance; (3) felon in possession of firearms and ammunition; (4) possession of a short-barreled shotgun; and (5) possession of an unregistered short-barreled shotgun. (Dkt. 11). The evidence relied upon by the Government was discovered during execution of a search warrant during an investigation of Defendant for sex trafficking of a minor. Defendant has not been charged with any sex trafficking crimes, and he contends that the evidence derived from the execution of that search warrant must be suppressed as it was based upon a flawed search warrant application.

Pretrial motions were referred by text order dated September 17, 2014, to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Dkt. 12). Among various forms of pretrial relief, Defendant sought dismissal of Counts Two and Four of the Indictment. (Dkt. 16 at 4-7). Defendant also sought to

- 1 -

suppress the evidence obtained through execution of the search warrant signed by United States Magistrate Judge Marian W. Payson on June 9, 2014, contending that he was entitled to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  (*Id.* at 7-10). After receiving submissions from the parties, on December 2, 2014, Judge Feldman heard oral argument as to Defendant's motions.  Following this hearing, Judge Feldman ordered the parties to submit supplemental briefing by December 23, 2014.

In a December 23, 2014 letter to the Court, Defendant submitted the affidavit of Sam DiMaggio, the apartment manager of Defendant's residence at 49 Troup Street. (Dkt. 29).  In his affidavit, Mr. DiMaggio stated that he did not make the statements attributed to him in the search warrant application about Defendant's alleged prostitution activities.  (*Id.*).  Based on this submission, Judge Feldman conducted a *Franks* hearing on January 30, 2015, regarding Mr. DiMaggio's statements to law enforcement.  (Dkt. 19).

Defendant filed his post-hearing submission on April 6, 2015 (Dkt. 24), and the Government filed its post-hearing submission on April 10, 2015 (Dkt. 26).

On July 2, 2015, Judge Feldman issued an Amended Report and Recommendation recommending that Defendant's motions to suppress and to dismiss Count Two be denied.  (Dkt. 32 at 19).  Judge Feldman reserved on Defendant's motion to dismiss Count Four.  (*Id.*).  The parties submitted supplemental briefing on August 7, 2015.  (Dkt. 35; Dkt. 36).

Following oral argument on August 31, 2015, Judge Feldman issued a Report and Recommendation on September 10, 2015, recommending the Court deny Defendant's

motion to dismiss Count Four without prejudice to renew the argument as part of a motion *in limine* at the time of trial.  (Dkt. 39 at 4).

Defendant has filed objections to Judge Feldman's Report and Recommendation to the extent it recommended that the Court deny Defendant's motion to suppress.  (Dkt. 41 at 2).  Defendant maintains that "the warrant application contained material omissions and misrepresentations and that the resulting evidence and statements obtained by law enforcement should be suppressed."  (*Id.*).  Defendant does not object to Judge Feldman's recommendation that the Court deny Defendant's motion to dismiss Count Four without prejudice.  (*Id.*).  Defendant does not address Judge Feldman's recommendation that the Court deny Defendant's motion to dismiss Count Two.

The Government responded to Defendant's objections on October 14, 2015.  (Dkt. 45).  Oral argument was held before the undersigned on October 15, 2015.  (Dkt. 47).

For the following reasons, the Court adopts Judge Feldman's Reports and Recommendations (Dkt. 32; Dkt. 39) in their entirety.

## <u>DISCUSSION</u>

**I.  Legal Standard**

A district court reviews any specific objections to a report and recommendation under a *de novo* standard.  Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's

findings).   To trigger the *de novo* review standard, objections to a report "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Following review of the report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *Male Juvenile*, 121 F.3d at 38 ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."). Here, Defendant has only filed objections with respect to the recommendation that his motion to suppress be denied, and therefore, the Court will conduct a *de novo* review on that issue.

## II.   Defendant's Motion to Suppress

Defendant argues that he showed at the *Franks* hearing that there were material omissions and misrepresentations made by FBI Special Agent Barry Couch in his application for a search warrant that misled Magistrate Judge Payson in granting the search warrant application for Defendant's residence at 49 Troup Street, Apartment 21, in Rochester, New York. (Dkt. 41 at 3). Alternatively, Defendant asks the Court to re-open the *Franks* hearing to hear the testimony of CW1. (*Id.* at 13).

A.   **Alleged Inconsistencies Between the Search Warrant Affidavit and the *Franks* Hearing Testimony**

Defendant claims that he has identified the following inconsistencies between the search warrant affidavit and the *Franks* hearing testimony that require suppression of the evidence: (1) Agent Couch testified that CW1 failed to initially identify Defendant in the photo array, but he omitted this information from the search warrant affidavit; (2) CW3, who was identified as Mr. DiMaggio, testified that the information attributed to him in the search warrant affidavit was untrue; (3) Agent Couch testified that Mr. DiMaggio did not identify Defendant when he was shown a photo array, but omitted this information from his affidavit; and (4) CW2, who was identified as Mr. DiMaggio's supervisor, Geetha Vijay, testified that Agent Couch never showed her a photograph of Defendant, while the search warrant affidavit states that Ms. Vijay positively identified Defendant in a photograph. (Dkt. 41 at 7-9).

"Ordinarily, a search carried out pursuant to a warrant is presumed valid. However, in certain circumstances, *Franks* permits a defendant to challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search and seizure." *United States v. Mandell*, 752 F.3d 544, 551-52 (2d Cir. 2014) (quotations omitted). "'[T]o suppress evidence obtained pursuant to an affidavit containing erroneous information, the defendant must show that: (1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause [or necessity] finding.'"

*United States v. Rajaratnam*, 719 F.3d 139, 146 (2d Cir. 2013) (quoting *United States v. Canfield*, 212 F.3d 713, 717-18 (2d Cir. 2000)) (alterations in original).

Contrary to Defendant's arguments, there were not material inconsistencies between the search warrant application and the credible testimony at the *Franks* hearing. The Court has reviewed the transcript of Mr. DiMaggio's testimony and agrees with Judge Feldman that the testimony was "hardly a model of clarity or consistency" and it was "all over the place." (Dkt. 32 at 12). Mr. DiMaggio repeatedly contradicted himself, whereas the testimony of his supervisor, Ms. Vijay, supported Agent Couch's statements that Mr. DiMaggio identified Defendant as engaged in prostitution activities.

As for Defendant's claim that Ms. Vijay testified she never identified Defendant in a photograph, a review of Ms. Vijay's testimony does not support this claim. When questioned about viewing a photograph of Defendant, Ms. Vijay testified on direct examination as follows:

Q:   Okay.  Now, do you remember ever being shown a photograph of Mr. Harris?

A:   No.  Of Mr. Harris?

Q:   Yes.

A:   No.

Q:   You don't remember being shown one?

A:   No, I remember Mr. Harris.

Q:   No.  But do you ever remember the agents coming to you and ask you if you knew who was shown in this photograph?

A:   I don't remember.

Q:     You don't remember, okay.

(Dkt. 19 at 51:14-24).  In other words, while at first appearing confused by the question, Ms. Vijay ultimately testified that she did not *remember* whether she was asked to identify a photograph of Defendant, not that she *did not* identify Defendant from a photograph array.  Considered with Agent Couch's testimony that Ms. Vijay positively identified Defendant from a photograph array (*id.* at 60:7-61:5), there is no basis to conclude that Ms. Vijay did not positively identify Defendant from a photograph.

In relation to Defendant's argument that Agent Couch omitted from the search warrant application the identification procedures followed with CW1 and CW3 (Mr. DiMaggio), "'an affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation.'" *United States v. Awadallah*, 349 F.3d 42, 67-68 (2d Cir. 2003) (quoting *United States v. Colkley*, 899 F.2d 297, 300-01 (4th Cir. 1990)).  Instead, Defendant must demonstrate that Agent Couch made these omissions "deliberately, or with reckless disregard for the truth." *United States v. Vilar*, No. S305CR621KMK, 2007 WL 1075041, at *25 (S.D.N.Y. Apr. 4, 2007).  "An inaccuracy that is the result of negligence or innocent mistake is insufficient." *United States v. Perez*, 247 F. Supp. 2d 459, 472-73 (S.D.N.Y. 2003); *see also United States v. Raymonda*, 780 F.3d 105, 120 (2d Cir. 2015) ("We do not doubt that certain statements in Agent Ouzer's affidavit may have exaggerated the significance of his evidence, nor that such statements may have contributed to the issuance of an invalid search warrant.  But the exclusionary rule is designed not to redress minor overstatements or simple

negligence by the police, but to deter deliberate, reckless, or otherwise inexcusable violations. Because Agent Ouzer's oversights in drafting his affidavit fall short of deliberate deception or gross negligence, the good faith exception applies, and precludes suppression of the evidence obtained pursuant to the warrant."); *United States v. Falso*, 544 F.3d 110, 128 (2d Cir. 2008) ("even assuming that any of the statements in the affidavit misled the district court, Falso has not met his burden of demonstrating that Agent Lyons made the alleged misrepresentations and that he omitted material information knowingly or recklessly."). *Cf. United States v. Reilly*, 76 F.3d 1271, 1280 (2d Cir. 1996) ("Here, information about the distances involved, the layout, conditions, and other like particulars of Reilly's land was crucial. Without it, the issuing judge could not possibly make a valid assessment of the legality of the warrant that he was asked to issue. The good faith exception to the exclusionary rule does not protect searches by officers who fail to provide all potentially adverse information to the issuing judge, and for that reason, it does not apply here.").

After reviewing the transcript of Agent Couch's testimony, the Court agrees with Judge Feldman that Agent Couch's testimony was credible and consistent with his affidavit, and there was no basis in the testimony or in the record before the Court to find that Agent Couch intentionally or recklessly made a material misrepresentation or omission in his warrant affidavit. (Dkt. 32 at 13). Agent Couch explained that he did not include the identification procedure with Mr. DiMaggio because it was not needed for the probable cause for the search warrant (Dkt. 19 at 76:5-13), and he explained in detail CW1's identification of Defendant (*id.* 78:9-79:14 ("I pulled . . . the original of that photo

array out, and I showed it to her, and I said, 'do you recognize anybody in these photographs.' My impression of her, she was nervous that we were talking to her on the street and she was looking around. . . . And she originally . . . pointed to somebody other than Mr. Harris and said, I think I recognize that person or that person looks familiar. So, I said to her at that point, 'listen, it's very important, this is something that is very important, you need to be completely straight forward with us. Do you recognize anybody in the photo, in these photographs.' And at that point she pointed immediately to Mr. Harris. . . .")).

Finally, the Court finds that even if Agent Couch had included in his affidavit the fact that CW1 initially failed to identify Defendant when shown a photo array (but then, as testified to by Agent Couch, she did identify Defendant as the individual who was prostituting her), and even if the search warrant affidavit had omitted any reference to Mr. DiMaggio's statements about Defendant being engaged in prostitution, this would not have altered Judge Payson's probable cause determination. "The ultimate inquiry is whether, after putting aside erroneous information and material omissions, there remains a residue of independent and lawful information sufficient to support probable cause." *Canfield*, 212 F.3d at 718 (quotation omitted). Here, there are sufficient details of CW1's accounts of alleged prostitution for an individual named "Shawn" who resided at 40 Troup Street, Apartment 21, as well as corroboration that CW1's physical description of "Shawn" matched the physical description of the resident of Apartment 21, to support Judge Payson's finding of probable cause to search the residence. (Dkt. 1 at ¶¶ 5-13).

B.      **Request to Re-Open the *Franks* Hearing**

Alternatively, Defendant requests that the Court re-open the *Franks* hearing to consider evidence and testimony from CW1. (Dkt. 41 at 11-14). Defendant contends that CW1's statements to Agent Couch about Defendant were uncorroborated and that the Court should take testimony on CW1's version of events. (*Id.* at 11-12). Specifically, Defendant argues that the Court should hear CW1's testimony concerning her photo identification of Defendant. (*Id.*). Defendant asserts that CW1 could not be located at the time of the *Franks* hearing before Judge Feldman, but claims in his papers that she has now been located. (*Id.* at 12). According to the Government, the actual location of CW1 is unknown. (Dkt. 45 at 12).

Following oral argument on October 15, 2015, the Court ordered the Government to provide defense counsel with certain information related to CW1. (Dkt. 46). Defense counsel indicated at the argument that he would contact the Court within two weeks if he was able to communicate with CW1. Defense counsel did not contact the Court. Accordingly, the record before the Court supports the conclusion that CW1 cannot be located.

"The decision whether to reopen a suppression hearing lies within the discretion of the district court." *United States v. Nezaj*, 668 F. Supp. 330, 332 (S.D.N.Y. 1987). The court in *United States v. Perez* explained:

> Among the factors the court should consider is whether the moving party has proffered newly discovered evidence that was unknown to the party, and could not through due diligence reasonably been discovered by that party, at the time of the original hearing. A hearing will not be reopened in the absence of any significant, new factual matters that would have been

developed at such a hearing.  Moreover, evidence that is not material or is merely cumulative or impeaching is not an adequate basis for reopening a suppression hearing.  Finally, if a new witness was available at the time of the original hearing, but chose not to testify or was not called to do so by the defendant's attorney, it is not a basis for reopening the hearing.

No. 01 CR 848 (SWK), 2002 WL 1835601, at *1-2 (S.D.N.Y. Aug. 8, 2002) (internal

quotations and citations omitted).

"The *Franks* standard is a high one." *Rivera v. United States*, 928 F.2d 592, 604

(2d Cir. 1991).  As explained by the Supreme Court:

[t]o mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable statements should be furnished, or their absence satisfactorily explained.

*Franks*, 438 U.S. at 171.

Here, Defendant has presented no newly discovered evidence to warrant re-

opening the *Franks* hearing.  CW1 is unavailable to testify.  Moreover, even if CW1 was

available, based on the information currently before the Court, it seems that her testimony

would not present any new information.  Agent Couch testified at the *Franks* hearing that

CW1 did not immediately identify Defendant in the photo lineup, and then stated that he

did not include the information in his warrant application.  (Dkt. 19 at 77:19-80:18).  The

fact that CW1 may have testified that she did not initially identify Defendant would not

have presented new information to the Court.  Further, Defendant has not presented any

sworn affidavits or prior testimony of CW1 that would contradict what Agent Couch

stated on the record, and the mere speculation that she may offer different information is not sufficient to warrant re-opening the *Franks* hearing.

## **CONCLUSION**

For the foregoing reasons, the Court adopts Judge Feldman's Reports and Recommendations (Dkt. 32; Dkt. 39) in their entirety. Defendant's motion to suppress is denied, as is his alternative request to re-open the *Franks* hearing. In addition, Defendant's motion to dismiss Count Two is denied, and his motion to dismiss Count Four is denied without prejudice to renew as part of a motion *in limine*.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:       November 16, 2015
             Rochester, New York

- 12 -