UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | **DEFENDANT'S PROPOSED JURY INSTRUCTIONS and RESPONSE TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS** |
| -vs- | |
| **WILLIE HARRIS,** | 14-CR-6149EAW |
| Defendant. | |

---

The Defendant, by and through his attorney, BRYAN S. OATHOUT, ESQ., hereby submits the following proposed jury instructions, and requests leave to submit such other instructions as may be appropriate prior to, or at the close of the evidence.

Defendant further respond to the Government's proposed jury instructions and requests leave to supplement this response as may be appropriate prior to, or at the close of the evidence.

Dated: February 27, 2016
Rochester, New York

                                              Respectfully submitted,

                                              /s/Bryan S. Oathout
                                              BRYAN S. OATHOUT, ESQ.
                                              Attorney for Defendant
                                              30 West Broad Street, Suite 400
                                              Rochester, New York 14614
                                              Telephone: (585)317-2211
                                              Email: bso@bryanoathoutlaw.com

# REQUEST No. 1

**Separate Consideration-Single Defendant Charged with Multiple Offenses**

The Defendant Willie Harris is charged with several offenses; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and should not be influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the Government has proven beyond a reasonable doubt that the Defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

**First Circuit charge, § 1.14.**

# REQUEST No. 2

**VOLUNTARINESS OF STATEMENT BY DEFENDANT**

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made. In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For

example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement. After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

**Tenth Circuit Charge, § 1.25**

# REQUEST No. 3

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

You are about to hear evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

**Ninth Circuit Charge, § 2.10**

# REQUEST No. 4

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find

another fact. You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## RESPONSE TO GOVERNMENT'S PROPOSED JURY CHARGE

**Request No. 3** (Use of Evidence obtained Pursuant to Warrants): Defendant objects to use of this proposed Jury Instruction in its entirety. This request is not pursuant to any model jury instructions constructed by the Circuit Courts. The defendant is not aware of any Circuit adopting the proposed jury instruction. The jury determines what evidence it deems trustworthy or not trustworthy. Adopting this instruction circumvents the function of the jury. The requested jury instruction should be denied. The defendant objects and proposes the following:

You have heard testimony about evidence obtained during the execution of a court-authorized search warrant. Evidence obtained from this search was received into evidence and may be considered by you in determining whether the Government has proved the Defendant's guilt beyond a reasonable doubt.

**Request No. 4** (Intent; "Unlawfully", "Willfully", "Intentionally" and "Knowingly" Defined): Defendant objects to the portion of the Government's proposed charge that reads:

"Therefore, knowledge and intent are rarely, if ever, proven by direct evidence. Rather, they are matters of inference, to be determined by an examination of all of the surrounding facts and circumstances."

It is submitted that the Government's case is a circumstantial case, as there is no direct evidence of Defendant's guilt. This portion of the instruction is a thinly veiled way to tell the jury that circumstantial evidence is more important than direct evidence. Thus, it emphasizes the Government's evidence and prejudices Defendant.

Further, this portion of the instruction essentially says the same thing as the later portion of the instruction that reads, "Accordingly, intent and knowledge are usually established by the surrounding facts and circumstances, . . .". It is therefore cumulative.

**Request No. 7** (Elements of the offense-Count 1): Defendant requests that the third element state as follows: "third, that the defendant knowingly possessed that controlled substance with the intent to distribute that controlled substance," or "third, that the defendant intended to distribute that controlled substance."

**Request No.9** (First Element-Possession of Cocaine): Defendant objects to the portions involving examples of what direct and circumstantial evidence entails. The defendant submits a general jury instruction regarding direct and circumstantial evidence is appropriate, as noted above in the defendant's requests.

**Request No. 10** (Definition of Possession): Defendant objects to the portions involving examples of physical and substantial control over. The Defendant submits the examples should be taken out of the definition. The defendant has no objection to the remaining language.

**Request No. 12** (Method to proving knowledge): defendant objects to this request in its entirety, Defendant requests the following definition of Knowingly: DEFINED An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts

or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Ninth circuit charge, § 5.6**

**Request No. 13** (Third Element- Intent to Ditsribute): defendant objects to this request in its entirety. Defendant requests the following instruction: To "possess with the intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

**Ninth circuit charge, § 9.15**

**Request No. 14** (Count 2 of Indictment): Defendant requests the statute in its entirety under Title 21, U.S.C. 856(a)(1), as opposed to the request from the Government.

**Request No. 15** (Elements of the offense-Count 2): Defendant objects to the definition of "maintaining a place" as defined by the Government and requests the court remove that section of the request from the Government.

**Request No. 19** (First element-defendant's prior conviction): No objection except that if the parties shall stipulate to the conviction; defendant will object to the language in the jury instruction relating to "this felony conviction". Defendant objects to the term "felony" or "felon" used in the charge. The rest of the charge refers to a conviction for a "crime punishable by imprisonment for a term exceeding one year." Using the term "felony" or "felon" labels the Defendant a convicted felon and will prejudice him in front of the jury.

**Request No. 20** (Second Element-Possession of the Firearm and Ammunition): Defendant objects to the governments request in its entirety. Defendant asks for the following instruction:

1. FIREARMS—UNLAWFUL POSSESSION— CONVICTED FELON (18 U.S.C. § 922(g)(1))

The defendant is charged in [Count 3 of] the indictment with the possession of [a firearm]

[ammunition] in violation of Section 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt: First, the defendant knowingly possessed [specify firearm] [specify ammunition]; Second, the [specify firearm] [specify ammunition] had been [[shipped] [transported]] [[from one state to another] [between a foreign nation and the United States]]; and [Third, at the time the defendant possessed the [specify firearm] [specify ammunition], the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that on [date], the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.] or [Third, at the time the defendant possessed the [specify firearm] [specify ammunition], the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. [[Specify prior felony] is a crime punishable by imprisonment for a term exceeding one year.]

2. POSSESSION—DEFINED A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. [More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.]

**Ninth circuit charge, § 3.17 and 8.65**

**Request No. 25** (Count 8): defendant objects only in so much as the request should read Count 5, not Count 8.

**Request No. 27** (Elements of the Offense-Count 5): defendant objects only in so much as the request should read defendant, not defendants.

**Request No. 32** (Testimony of Defendant): Defendant objects to the first sentence of the Government's proposed charge as well as everything after the first paragraph.

The first sentence of the charge reads, "A defendant cannot be compelled to take the witness stand and testify." This proposed charge assumes that Defendant has already testified on his own behalf. Thus, this sentence is irrelevant.

The Defendant objects to the portion of the Government's proposed charged after the first paragraph beginning, "Obviously, a defendant has a personal interest in the result of this prosecution. . . ." and continuing through the rest of the charge. The purpose of this charge should be to tell the jury that the Defendant's testimony should be evaluated just as any other witness. Telling the jury that Defendant is an interested witness is highly prejudicial. Then, informing the jury that even an interested witness can be truthful is confusing.

**Request No. 33** (Persons not on trial): defendant objects in so much as this request is not applicable to the allegations at hand.

**Request No. 34** (Particular Investigative Techniques): defendant objects; the government is trying to tell the jury what and what not to consider. The jury decides who and what to believe.

**Request No. 36** (Inference from control over place where found): Defendant objects to this charge in its entirety. It is highly prejudicial to Defendant. Further, this concept is sufficiently covered in a less prejudicial manner by the definition of possession charge in previous requests that will be proposed to the jury.

**Request No. 37** (variance-dates): defendant objects. The purpose of the indictment is to put the defendant on notice as to the nature of the allegations against him, including the time and place of when the alleged acts occurred. Defendant objects to this instruction in its entirety.