UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA,

-vs-

**WILLIE HARRIS,**

      Defendant.

**DEFENDANT'S MOTION IN LIMINE AND RESPONSE TO GOVERNMENTS NOTICE OF INTENT TO OFFER EVIDENCE**

14-CR-6149EAW

---

The Defendant, by and through his attorney, BRYAN S. OATHOUT, ESQ., hereby files his Motions in Limine and response in opposition to the Government's Notice of Intent to Offer Evidence.

Dated: February 27, 2016

Rochester, New York

        Respectfully submitted,

        /s/Bryan S. Oathout
        BRYAN S. OATHOUT, ESQ.
        Attorney for Defendant
        30 West Broad Street, Suite 400
        Rochester, New York 14614
        Telephone: (585)317-2211
        Email: bso@bryanoathoutlaw.com

## MOTION IN LIMINE AND OPPOSITION TO GOVERNMENT'S NOTICE OF INTENT TO OFFER EVIDENCE

Rule 404 prohibits the use of a person's character or character trait to prove that on a particular occasion acted in accordance with the character or trait.

A. The defendant moves to exclude and opposes the Government's Notice of Intent to offer evidence as follows under Rule 404(b):

1. Defendant opposes an offer of evidence regarding Defendants arrest and conviction to Criminal Sale of a Controlled Substance in the third degree. Defendant submits such introduction is solely for the purpose of propensity evidence. The defendant is presently charged in Count 1 of the Indictment with Possession of Cocaine with Intent to Distribute. The defendant's prior conviction is from 2003, 11 years prior to the current allegations. Defendant submits the Government is attempting to use this arrest and conviction solely for propensity purposes. The defendant further submits that the court should exclude this evidence under Rule 403 as the probative value is substantially outweighed by the unfair prejudice to the defendant.

2. Defendant opposes an offer of evidence regarding Defendants arrest for Burglary in the Second Degree and conviction for Criminal Possession in the Fifth Degree. Defendant submits there is no purpose for introduction of this material except for propensity purposes that the defendant has a propensity to commit crimes. The arrest and conviction are from 2000, some 14 years before the present allegations. The defendant further submits that the court should exclude this evidence under Rule 403 as the probative value is substantially outweighed by the unfair prejudice to the defendant.

3. Defendant opposes an offer of evidence regarding Defendants arrest and conviction for Burglary in the Second Degree, Unauthorized Use of a Motor Vehicle in the First Degree, and Grand Larceny in the Second Degree. The defendant pled guilty to Attempted Burglary in the Second Degree. The arrest and conviction are from 1995, almost 20 years prior to the current allegations. Defendant submits there is no purpose for introduction of this material except for propensity purposes that the defendant has a propensity to commit crimes. The defendant further submits that the court should exclude this evidence under Rule 403 as the probative value is substantially outweighed by the unfair prejudice to the defendant.

4. Defendant opposes an offer of evidence regarding Defendants arrest and conviction for Robbery in the Second Degree, Assault in the Second Degree, and Grand Larceny in the Fourth Degree. The defendant pled guilty to Robbery in the Third Degree. The Defendant was arrested in 1992 and convicted in 1993, approximately 21 years prior to the current allegations. Defendant submits there is no purpose for introduction of this material except for propensity purposes that the defendant has a propensity to commit crimes. The

defendant further submits that the court should exclude this evidence under Rule 403 as the probative value is substantially outweighed by the unfair prejudice to the defendant.

B. The defendant moves to exclude and opposes the Government's Notice of Intent to offer evidence as follows under Rules 608 and 609:

    1. The conviction for Criminal Sale of a Controlled Substance in the Third Degree should be excluded because the probative value of the evidence is not outweighed by the prejudicial effect on the defendant. Again, the defendant is charged in the current indictment with Possession of Cocaine with Intent to Distribute. The prior conviction is form 2003. The defendant was released from custody in 2009. The prejudicial effect of a jury being aware of the defendant having a prior conviction for essentially the same crime easily outweighs any probative value a 12 year old conviction could have.

    2. With respect to every other conviction the Government wishes to cross examine the defendant on, should he testify, the defendant submits such evidence should be excluded because

        a. Each conviction is more than 10 years prior to the current allegations, and the prejudicial effects to the defendant far outweighs any probative value regarding these matters.

C. The defendant moves to exclude law enforcement testimony about the practices of drug traffickers, and/or other characteristics of the defendant which approach being no more than opinions about the defendant's guilt.

    The Government's witness list includes, among others, individuals from the Rochester Police Department, Federal Bureau of Investigation, and Bureau of Alcohol, Tobacco, Firearms and Explosives. The Government has not indicated, at the present time, that they are seeking to introduce any testimony related to the general practices of drug traffickers, etc. However, the defendant specifically reserves the right to oppose any such introduction on the Governments case against the defendant should the Government seek to introduce such testimony. *See United States v. Mendoza-Medina*, 346 F.3d 121, 127-129 (5th Cir. 2003); *United States v. Vallejo*, 237 F.3d 1008, 1015-18 99th Cir. 2001); *United States v. Lim*, 984 F.2d 331, 334-35 (9th Cir. 1993); *United States v. Williams*, 957 F.2d 1238, 1241 (5th Cir. 1992); *United States v. Jones*, 913 F.2d 174,177 (4th Cir. 1990); *United States v. Hernandez-Cuartas*, 717 F.2d 552, 555 (11th Cir. 1983).

D. The defendant moves to exclude testimony from law enforcement "experts" on the ground that it fails to satisfy the test for admissibility of expert testimony under *Daubert v. Merrill Dow Pharmaceuticals,* 509 U.S. 579 (1993).

The Government has submitted an amended expert disclosure pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. These disclosures include the proposed testimony of Richard Hoepfl, Melvin Dixon Robin, Thomas Rodwell, and Kathy King.

The Defendant hereby reserves the right to request exclusion of testimony on the grounds it fails to satisfy the test for admissibility of expert testimony under *Daubert v. Merrill Dow Pharmaceuticals,* 509 U.S. 579 (1993), and pursuant to Rule 702 of the Federal Rules of Criminal Procedure.

**Wherefore**, the defendant requests that the Court issue a ruling granting the relief requested by the defendant in its entirety and denying the Government's Request to introduce the information in the Governments Notice of Intent in its entirety. In addition to the arguments above, the defendant reserves his rights to argue as to the admissibility of any prior bad acts, convictions, or expert testimony at the time of trial, without prejudice.

Respectfully submitted,

/s/Bryan S. Oathout
BRYAN S. OATHOUT, ESQ.
Attorney for Defendant
30 West Broad Street, Suite 400
Rochester, New York 14614
Telephone: (585)317-2211
Email: bso@bryanoathoutlaw.com