**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NEW YORK**

---

THE UNITED STATES OF AMERICA,

                                      MOTION FOR NEW TRIAL
                                      PURSUANT TO FEDERAL RULE
                                      OF CRIMINAL PROCEDURE
                                      RULE 33
                                      **14-CR-6149EAW**

WILLIE HARRIS

                       Defendant.

---

PLEASE TAKE NOTICE, that upon the declaration of Bryan S. Oathout, Attorney for Willie

Harris, and upon the Indictment and all prior proceedings had herein, the defendant will move

this Court, before the Honorable Elizabeth Wolford, District Court Judge, on a date and time set

by the Court, for an order granting the following motion:

       **MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULES OF CRIMINAL
       PROCEDURE, RULE 33.**

Dated: March 24, 2016                             Yours,

                                              Bryan S. Oathout, ESQ.
                                              Attorney for Willie Harris
                                              30 West Broad Street, Suite 400
                                              Rochester, New York 14614
                                              (585) 317-2211

Clerk, United States District Court
Western District of New York

William J. Hochul, Jr., ESQ.
United States Attorney
100 State Street
Rochester, New York 14614
Attn.: Charles Moynihan, ESQ.

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NEW YORK**

---

THE UNITED STATES OF AMERICA,

AFFIDAVIT OF FACTUAL
ALLEGATIONS AND
LEGAL AUTHORITIES IN
-vs-                                                    SUPPORT OF DEFENDANT'S
MOTION
**14-CR-6149EAW**

WILLIE HARRIS,

Defendant.

---

STATE OF NEW YORK:
COUNTY OF MONROE:

Bryan S. Oathout, ESQ. under penalty of perjury pursuant to 28 U.S.C. § 1746, declare as

follows:

1. I am an attorney licensed to practice in the State of New York and the United States District

Court for the Western District of New York. I represent the defendant in the above-captioned

matter, and make the factual allegations contained herein in support of the relief sought in the

annexed Notice of Motion.

2. The sources of the information set forth in this affirmation and the grounds for our belief are

conversations between myself and the defendant, my examination of the various papers filed in

connection with this proceeding, examination of the voluntary discovery previously provided by

the prosecution, the evidence that has been presented during the trial of this matter, and my

independent investigation of the facts giving rise to the above-mentioned charges.

3. Willie Harris was found guilty by a jury on March 18, 2016 of the following counts:

A.    Count One which charged a violation of 21 U.S.C. 841(a)(1) and

841(b)(1)(C(Possess with intent to distribute, and distribute, controlled substance containing

cocaine.

B.    Count Three which charged a violation of Title 18, United States Code, Section

922(g)(1) and 924(e) (Felon in Possession of Firearms and Ammunition).

C.    Count Five which charged a violation of Title 26, U.S.C. Sections 5841, 5845(a),

5861(d) and 5871 (Possession of an Unregistered Short-Barreled Shotgun).


## RULE 33

4. It is axiomatic that "a Court may grant a new trial to a defendant if the interests of justice so

require". *See Federal Rule of Criminal Procedure, Rule 33.* Under Rule 33, the test is "whether

letting a guilty verdict stand would be a manifest injustice." *See U.S. v. Sanchez*, 696 F.2d 1409,

1414 (2nd Cir. 1992). In deciding whether to grant a Rule 33 motion, a judge may weigh the

evidence and determine the credibility of witnesses. *See Sanchez*, at 1413. In determining

whether to grant a Defendant's Motion pursuant to Rule 33, the Court's discretion is very broad.

*See Sanchez*, at 1413.

5. A motion for new trial pursuant to Rule 33, based on the insufficiency of the evidence, newly

discovered evidence, must be filed within 14 days after the verdict or finding of guilty. *See Rule

33(b)(2).*

6. The defendant submits the interests of justice require the court to vacate the defendant's

convictions with respect to Counts 1, 3 and 5 and order a new trial. The Defendant submits his

arguments below.

3

## GRANTING OF DEFENDANTS RULE 33 MOTION

7. The defendant submits that the evidence submitted at trial was insufficient to sustain a conviction for Count 5 of the Indictment, which charged a violation of Title 26, U.S.C. Sections 5841, 5845(a), 5861(d) and 5871 (Possession of an Unregistered Short-Barreled Shotgun). The defendant further submits that the juries finding of guilt with respect to Count 5 of the Indictment was so inconsistent with the proof introduced at trial that no reasonable juror could have found the defendant guilty of count 5, and thus the interests of justice demand that the Court vacate the defendants convictions and order a new trial on behalf of the defendant.

The defendant was found not guilty at trial of Count 4 of the Indictment, possession of a Short-Barreled Shotgun. The defendant was subsequently found guilty of Count 5 of the Indictment, Possession of an Unregistered Short-Barreled Shotgun. Both Count 4 and Count 5 require the Jury to find that the Government proved, beyond a reasonable doubt, that the defendant knew he was in possession of a short-barreled shotgun that had a barrel of less than 18 inches in length. The Jury somehow found that the defendant didn't possess this knowledge under Count 4, but did possess this knowledge under Count5. This is clearly an inconsistent verdict. There was no evidence at trial that the defendant knew the barrel was less than 18 inches in length. This is an essential element the Government must prove beyond a reasonable doubt in order to obtain a conviction under both Count 4 and Count 5 if the indictment. There is no reasonable explanation for how a Jury could determine the defendant didn't know the length of the barrel under count 4, but knew the length of the barrel under count 5.

The defendant acknowledges that under *Dunn v. United States*, 284 U.S. 390, 52 S. Ct. 189, 76 L. Ed. 356 (1932), the general rule is that a defendant cannot attack a conviction because it was inconsistent with the jury's verdict of acquittal on another count. However, the defendant

4

submits other Courts have carved out exceptions to this general rule. *See United States v. Brooks*, 703 F.2d 1273(11th Cir. 1983); *See also United States v. Hannah*, 584 F.2d 27 (3rd Cir. 1978). The defendant submits the Court should exercise its discretion here and vacate the defendants' convictions and order a new trial for the defendant. There was absolutely no evidence at trial for which a reasonable juror could find the defendant guilty of Count 5. The defendant submits that letting the jury verdict stand would be a miscarriage of justice.

The defendant further submits that the Court should vacate the defendants' conviction in Count 3. Count 3 of the Indictment charged the defendant with being a Felon in Possession of Firearms and Ammunition. With respect to Count 3, the defendant submits that the jury found the defendant guilty of Count 3 on the basis of its conviction under Count 5, which the defendant, as alleged above, argues was clearly inconsistent with the proof and its own verdict of not guilty on Count 4 of the Indictment. Count 3 was bifurcated, and the jury did not consider Count 3 until after rendering its verdict on Count 5. Put simply, the defendant submits that because Count 5 was erroneously decided by the Jury, and Count 3 was found subsequent to that erroneous decision by jurors, and both Counts relate to whether the defendant possessed the shotgun in question, the interests of justice require the Court to set aside the Verdict to Count 3 as well so that the defendant may exercise his right to a fair trial.

WHEREFORE, defendant requests that this Court issue an order granting the relief sought by this motion or, in the alternative, directing hearings permitting the introduction of further proof in support of said motion, and for such other and further relief as is just and proper under of the circumstances of this case. I declare, under penalty of perjury, that the allegations of fact set forth above are true and correct to the best of my knowledge.

Bryan S. Oathout, Esq.
Attorney for Willie Harris
30 West Broad Street, Suite 400
Rochester, New York 14614
(585) 317-2211