IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA,

                                      NOTICE OF MOTION FOR
                                      JUDGMENT OF AQUITTAL
    -vs-                                14-CR-6149EAW

WILLIE HARRIS

                             Defendant.

---

PLEASE TAKE NOTICE, that upon the declaration of Bryan S. Oathout, counsel for Mr. Harris, and upon the Indictment and all prior proceedings had herein, the defendant will move this Court, before the Honorable Elizabeth Wolford, District Court Judge, on a date and time to be determined by the Court, or as soon thereafter as counsel may be heard, for an order granting the following motion:

**JUDGMENT OF AQUITTAL PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 29.**

March 23, 2016                                                       Yours,

                                                                   Bryan S. Oathout, ESQ.
                                                                   Attorney for Willie Harris
                                                                   30 West Broad Street, Suite 400
                                                                   Rochester, New York 14614
                                                                   (585) 317-2211

Clerk, United States District Court
Western District of New York

WILLIAM J. HOCHUL, ESQ.
United States Attorney
100 State Street
Rochester, New York 14614
Attn.: Charles Moynihan, ESQ.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | FACTUAL ALLEGATIONS IN |
| -vs- | SUPPORT OF DEFENDANT'S MOTION |
| WILLIE HARRIS, | 14-CR-6149EAW |
| Defendant. | |

---

BRYAN S. OATHOUT, ESQ. under penalty of perjury pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney licensed to practice in the State of New York and the United States District Court for the Western District of New York. I represent the defendant in the above-captioned matter, and make the factual allegations contained herein in support of the relief sought in the annexed Notice of Motion.

2. The sources of the information set forth in this affirmation and the grounds for our belief are conversations between myself and the defendant, my examination of the various papers filed in connection with this proceeding, examination of the voluntary discovery previously provided by the prosecution, my conversations with co-counsel, the evidence that has been presented during the trial of this matter, and my independent investigation of the facts giving rise to the above-mentioned charges.

3. Willie Harris was found guilty by a jury on March 18, 2016 of the following counts:

    A.    Count One which charged a violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C(Possess with intent to distribute, and distribute, controlled substance containing cocaine.

B.   Count Three which charged a violation of Title 18, United States Code, Section 922(g)(1) and 924(e) (Felon in Possession of Firearms and Ammunition).

C.   Count Five which charged a violation of Title 26, U.S.C. Sections 5841, 5845(a), 5861(d) and 5871 (Possession of an Unregistered Short-Barreled Shotgun).

## RULE 29 MOTION

A motion for a judgment of acquittal may be granted after the evidence on either side is closed if the evidence is insufficient to sustain a conviction for the crime charged. *Fed. R. Crim. P. 29(a)*. A Rule 29 motion may also be made or renewed within 14 days after the jury returns a verdict of guilty or is discharged. *Fed. R. Crim. P. 29(c)(1)*.

In deciding a Rule 29 motion, the court must resolve all inferences in favor of the prosecution. *See United States v. Puzzo*, 928 F.2d 1356, 1361 (2d Cir. 1991), and view the proof in the light most favorable to the government.

The essential issue is whether after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Fed. Crim. Practice, 2d Cir. Handbook*; *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Untied States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998). A mere modicum of evidence is not sufficient to support a finding of guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320. There must be "substantial evidence, taking the view most favorable to the Government", to support the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942); *See also United States v. Mulheren*, 938 F.2d 364, 368 (2d. Cir. 1991).

4. The Defendant submits that the Government has failed to provide sufficient evidence to prove beyond a reasonable doubt each and every count of the indictment. The Grounds for the Defendant's motion for Acquittal are argued below.

## **COUNT 1: POSSESSION WITH INTENT TO DISTRIBUTE**

The Government failed to provide sufficient evidence to prove beyond a reasonable doubt each and every element of Count 1, Possession with Intent to Distribute. The defendant submits the evidence at trial showed at best the defendant possessed the cocaine for his own personal use. That there was insufficient evidence at trial to prove beyond a reasonable doubt that the defendant had any intent of distributing the cocaine specifically found at 21 Troup Street. The evidence at trial indicated that only 2 of the 4 bags found at 21 Troup Street were tested and found positive for cocaine. Those bags, according to the testimony of Investigator Brian Tucker, had a street value of $20, or 2 dime bags. Investigator Tucker further indicated on the record that the amounts found at 21 Troup Street could be consistent with personal use as opposed to distribution. The defendant further testified that the bags located at 21 Troup Street by Investigators were for personal use. The defendant testified that he used crack cocaine regularly. The defendants own statements, both written and via the jail calls introduced into evidence, indicated that the defendant had no intent of distributing the specific drugs located at 21 Troup Street. Indeed, the defendant had indicated on the jail calls that "I told the man I had already sold all the drugs." This statement supports the defendants' testimony that the bags located at 21 Troup Street were not to be sold by the defendant, but for his own personal use. The defendant submits that the evidence at trial is insufficient to find him guilty beyond a reasonable doubt and asks the Court to enter a Judgment of Acquittal with respect to Count 1.

## **COUNT 3: FELON IN POSSESSION**

The Government failed to provide sufficient evidence to prove beyond a reasonable doubt each and every element of Count 3, Felon in Possession. The defendant submits the evidence at trial was insufficient to prove possession. The defendant submits the gun was found at 21 Troup Street by investigators inside a red tote, or around a red tote. The investigators who testified all had differing accounts as to how and where the gun was allegedly found. Agent Prisser testified he couldn't remember where the gun was found, but believed it was either inside or around the tote. Investigator Tucker testified tat the gun was located inside the red tote, but that the gun was located inside without having been wrapped in clothes. Agent testified that the gun was located inside the red tote, but that the agents did have to move a bunch of clothing before locating the gun. Furthermore, there was testimony elicited from the defendant that the gun did not belong to him, but his cousin Daniel Simmons, or "Little D." Subsequent testimony indicated that other individuals had access and keys to 21 Troup Street, including Daniel Simmons and Sharnice Gibson. No physical evidence was found indicating the gun was possessed by the defendant. No DNA, no fingerprints, nor any other physical evidence was retrieved linking the gun in question to the defendant. The clothes in the tote where the gun was located was not identified as the defendants. The defendant submits that the evidence at trial is insufficient to find him guilty beyond a reasonable doubt and asks the Court to enter a Judgment of Acquittal with respect to Count 3.

## COUNT 5: POSSESSION OF AN UNREGISTERED SHORT-BARRELED SHOTGUN

The Government failed to provide sufficient evidence to prove beyond a reasonable doubt each and every element of Count 5, Possession of an unregistered short-barreled shotgun. Specifically, there was no testimony elicited that the defendant knew that the shotgun in question had a barrel of less than 18 inches in length. The only testimony elicited was that defendant allegedly indicated to agents that the gun was a sawed-off gun, a little thing. This standing alone, does not show evidence whatsoever that the defendant was aware that the gun he was accused of possessing had a barrel of less than 18 inches long. Even viewing the evidence in a light most favorable to the government, it is a giant and impermissible leap to suggest that the defendant was aware that the length of the barrel was less than 18 inches, as required for a conviction.

The jury found the defendant not guilty of Count 4 of the indictment, Possession of a Short-barreled shotgun. Count 4, like count 5, requires that the government prove that the defendant knew that the gun he allegedly possessed had a barrel length of less than 18 inches. Upon information and belief, the jury found the defendant had no such knowledge under count 4, but inconceivably found that the defendant possessed such knowledge under count 5. Strengthening this argument is the fact that the defendant was found, by the jury, to be guilty of count 3, felon in possession. Thus the jury found that the defendant possessed the weapon for that count. So logically, the only element for which the jury could have found the defendant not guilty of under count 4 was the knowledge requirement, that he knew the gun had a barrel of less than 18 inches. And Count 5 requires that same knowledge. And as indicated, there was no such evidence indicating the defendant had such knowledge sufficient to sustain a conviction under Count 5.

Even viewing the evidence in a light most favorable to the Government, the elements of Count 5 were clearly not proven beyond a reasonable doubt, and as such the Court should enter a judgment of acquittal with respect to Count 5.

## RENEWAL OF MOTIONS AND REQUEST FOR RELIEF

5. The defendant respectfully renews all pre-trial motions, trial objections and motions, and the grounds thereof, in support of his motion for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure.

WHEREFORE, defendant requests that this Court issue an order granting the relief sought by this motion or, in the alternative, directing hearings permitting the introduction of further proof in support of said motion, and for such other and further relief as is just and proper under of the circumstances of this case. I declare, under penalty of perjury, that the allegations of fact set forth above are true and correct to the best of my knowledge.

Bryan S. Oathout, ESQ.
Attorney for Willie Harris
30 West Broad Street, Suite 400
Rochester, New York 14614
(585) 317-2211