IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA


     -v-                                            14-CR-6149EAW


WILLIE HARRIS,

                               Defendant.

_____


## GOVERNMENT'S RESPONSE TO DEFENDANT'S POST-TRIAL MOTIONS

The United States of America, through its attorneys, William J. Hochul, Jr., United States Attorney for the Western District of New York, and Charles E. Moynihan, Assistant United States Attorney, of counsel, hereby files its response to defendant's post-trial motions both filed by defendant Willie Harris on March 25, 2016.


On March 14, 2016, a jury trial commenced in the case of the United States v. Willie Harris, 14-CR-6149EAW.   On March 18, 2016, the jury returned verdicts of guilty on Count One, charging the defendant with Possession with Intent to Distribute Cocaine, Count Three, charging the defendant with Felon in Possession of a Firearm and Ammunition, and Count Five, charging the defendant with Possession of an Unregistered Short-barreled Shotgun. Subsequent to these verdicts, the defense has filed motions pursuant to Rule 29 and Rule 33 of

the Federal Rules of Criminal Procedure.   The government hereby responds to these motions.[1]

## I.   STANDARD OF REVIEW FOR MOTIONS UNDER RULE 29

A defendant who challenges the sufficiency of the evidence under Rule 29 "bears a heavy burden."   United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003); United States v. Desena, 260 F.3d 150, 154 (2d Cir. 2001).   The jury's verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson, 335 F.3d at 180; United States v. Reyes, 302 F.3d 48, 58 (2d Cir. 2002); Desena, 260 F.3d at 154; United States v. Guadagna, 183 F.3d 122, 129 (2d Cir. 1999).   A district court's decision regarding a Rule 29 motion is reviewed de novo.   Reyes, 302 F.3d at 52; Guadagna, 183 F.3d at 129.

When considering the government's proof for Rule 29 purposes, the court must "view the evidence in the light most favorable to the Government with respect to each element of the offense," United States v. Mariani, 725 F.2d 862, 865 (2d Cir. 1984), and must analyze the evidence "in its totality, not in isolation."   United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000); United States v. Eppolito, 543 F.3d 25, 45 (2d Cir. 2008).   The court must draw all favorable inferences from the evidence in favor of the government.   Jackson, 335

[1] These papers have been prepared without the benefit of a trial transcript.   The recited facts are based on this writer's recollection.

F.3d at 180.   Moreover, the court must "resolve all issues of credibility in favor of the jury's verdict," Desena, 260 F.3d at 154, and "credit[ ] every inference that the jury might have drawn in favor of the government . . ." United States v. Morrison, 153 F.3d 34, 49 (2d Cir. 1998), quoting United States v. Hernandez, 85 F.3d 1023, 1030 (2d Cir. 1996)); see also Eppolito, 543 F.3d at 45; Guadagna, 183 F.3d at 129.   "Indeed, it is the task of the jury, not the court, to choose among competing inferences that can be drawn from the evidence." Jackson, 335 F.3d at 180.   A court may grant a motion brought pursuant to Rule 29 only when the evidence supporting the conviction is non-existent or is "meager."   Id. at 180, citing Guadagna, 183 F3.d at 130.   The court must let the jury decide if the court "concludes that either of the two results, a reasonable doubt or no reasonable doubt, is possible . . ." Guadagna, 183 F.3d at 129, quoting Curley v. United States, 160 F.2d 229, 233 (D.C. Cir. 1947).

The Second Circuit in Jackson again cautioned that "courts must be careful to avoid usurping the role of the jury when confronted with a motion for acquittal."   Jackson, 335 F.3d at 180 (reiterating that Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of the credibility of witnesses, the weight of the evidence and the reasonable inferences to be drawn for that of the jury); accord, Mariani, 725 F.2d at 865.

**PRIOR RULE 29 MOTIONS**

The defendant moved for judgment of acquittal at the end of the government's case, and again at the end of all the proof.   The district court denied these motions.

**ELEMENTS OF OFFENSES**

In order to satisfy its burden of proof with respect to the various counts of the Indictment, the government must establish each of the following elements beyond a reasonable doubt:

**Count 1 - 21 U.S.C. § 841(a)**

First, that the defendant possessed cocaine;

Second, that the defendant knew that he possessed cocaine; and

Third, that the defendant possessed the cocaine with the intent to distribute.

**Count 3 - 18 U.S.C. § 922(g)(1)**

First, that the defendant was convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year, as charged, and has not had his civil rights restored following that conviction;

Second, that the defendant knowingly possessed the firearm and ammunition as charged in the Indictment; and

Third, that the possession charged was in or affecting interstate commerce.

**Count 5 - 26 U.S.C. § 5861(d)**

First, that the defendant knowingly possessed a firearm, as that term is defined in Title 26, United States Code, Sections 5845(a)(1);

Second, the defendant knew he possessed a firearm; and

Third, that the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

Title 26 United States Code §5845 defines a firearm as "a shotgun having a barrel or barrels of less than 18 inches in length.

**RESPONSE TO DEFENDANT'S ARGUMENTS**

Contrary to the defendant's view of the trial, a rational jury easily found each of the essential elements of the crimes alleged in Counts 1, 3 and 5, beyond a reasonable doubt.

As to Count One, the jury rightfully concluded that the defendant possessed cocaine, knew he possessed cocaine and intended to distribute it, in effort to violate the drug laws of

the United States.   Indeed, the credible proof supported the jury's conclusion that the defendant possessed four bags of cocaine inside his apartment on June 10, 2014, knew what he possessed was cocaine, and intended to distribute it.

In resolving the instant Rule 29 motion, the court need delve no deeper than the testimony of Investigator Brian Tucker, which alone was sufficient to convict.   That is to say, a witness's direct testimony to a particular fact provides sufficient evidence of that fact for purposes of a sufficiency-of-the-evidence challenge.   See United States v. Desena, 287 F.3d 170, 177 (2d Cir. 2002); see also United States v. Jespersen, 65 F.3d 993, 998 (2d Cir. 1995). A defendant may be convicted on the uncorroborated testimony of a single witness (United States v. Gonzalez, 110 F.3d 936, 941 (2d Cir. 1997), including an accomplice witness (United States v. Parker, 903 F.2d 91, 97 (2d Cir. 1990), "so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt" (United States v. Gordon, 987 F.2d 902, 906 (2d Cir. 1993).   The government submits that Tucker's testimony was clear and credible, and alone forms the basis for denying the defendant's motion.   His testimony included oral statements the defendant made at 49 Troup Street and post arrest admissions to law enforcement in which the defendant admitted to, among other things, living at 49 Troup Street, Apartment 21, to possessing cocaine in his apartment, that he sold cocaine to "put some money in [his] pocket" and that he intended to buy more and package it for distribution.

However, in addition to the testimony of Tucker showing the defendant's control over the location and his possession of the contraband, there was significantly more evidence. The government's direct case also included evidence of the defendant's control of the apartment and the contents in the form of testimony that law enforcement encountered the defendant exiting 49 Troup Street, and that he resided at 49 Troup Street, Apartment 21, the same location in which law enforcement found cocaine.   The Court also received in evidence a photograph of a utility bill addressed to the defendant at that location, as well as a photograph of mail addressed to the defendant, both of which were taken during the search of Apartment 21 and both of which further support the jury's apparent finding the defendant possessed the contraband.   The government's case included additional testimony detailing the search of the defendant's apartment, as well as the seizure of four small bags of cocaine, a firearm, packaging material, a digital scale and United States currency.   Equally important, the government's case included evidence of a telephone call made from the Monroe County Jail after his arrest in which the defendant admitted to possessing cocaine and selling it, and admitted that law enforcement had seized the sawed off shotgun and ammunition.

As to Count Three, the jury rightfully concluded that the defendant, a convicted felon, possessed, in and affecting commerce, the shotgun and ammunition described.[2]   Indeed, the credible proof supported the jury's conclusion that the defendant knowingly possessed the

---

[2] During the trial, the defendant and the government stipulated that the defendant had previously been convicted of a crime punishable by a prison term exceeding one year.   The government's arguments focus only on the remaining elements of Count Three.

shotgun and ammunition inside his apartment on June 10, 2014, and that such possession affected interstate commerce.

The government's case, as to this count, included the testimony of Tucker, described in summary above, Federal Bureau of Investigations Special Agents Michael Preisser and Barry Couch, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Ryan Szwejbka, and Forensic Firearms Examiner Richard Hoepfl.   In addition to proof that law enforcement recovered the shotgun and ammunition in the defendant's apartment, the government's case also included testimony that the shotgun and ammunition were manufactured outside of New York State, and that the shotgun discharged the ammunition agents found with it.   As if this were not enough, the defendant admitted possessing the shotgun prior to the time law enforcement searched his apartment, as well as after he was arrested.   Further, as argued above, the evidence showed that he also admitted this during the jail telephone call.

As to Count Five, the jury rightfully concluded, based upon the credible proof, that on June 10, 2014, the defendant knowing possessed the shotgun, that the barrel length was less than 18 inches, a fact which the defendant knew, and that it was not registered to him in the National Firearm Registration and Transfer Record.   In addition to the evidence already discussed in summary form above, the government's case included the testimony of Andrew Ashton, an employee of ATF assigned to the National Firearms Act Branch.   He testified that he examined the National Firearms Registration and Transfer Record (NFRTR) for both

the short-barreled shotgun charged and the defendant.    The NFRTR had no record of either, as would have been the case if the short-barreled shotgun was registered to the defendant as is required by the National Firearms Act.    Further, the government's case included admissions made by the defendant to law enforcement showing that he knew the shotgun was sawed-off, as well as statements as to the sawed-off nature of the shotgun during the jail telephone call.

The defendant's arguments in support of his Rule 29 motion are not persuasive, as he wrongly directs his arguments to the weight and credibility of the evidence.    Regarding Count One, the defendant argues that the evidence was insufficient to prove beyond a reasonable doubt the defendant intended to distribute the cocaine found in Apartment 21. The defendant even argues that his own statements to the police and during the jail telephone call support his argument.    However, as summarized above, the evidence received by the Court could easily lead a rational jury to find the defendant committed Count One.    Further, the defendant's testimony does nothing to cast any doubt on this.    While the defendant certainly was not required to proffer a defense, he chose to do so.    His testimony was so incredible on its face, it is no wonder the jury returned a guilty verdict as to Count One.    In sum, the proof of the defendant's guilt on Count One was overwhelming.

As to Count Three, the defendant's arguments in support of the motion are equally unpersuasive.    The defendant appears to attack the quality of the evidence presented and says that the government failed in satisfying its burden, specifically as to possession of the short-barreled shotgun and ammunition.    At the trial, the defendant already attacked the

quality of the government's evidence, an argument which the jury found unpersuasive. Second, as summarized above, the evidence received by the Court could easily lead a rational jury to find the defendant committed Count Three.   Again, it is no wonder the jury returned a guilty verdict as to Count Three as the proof of the defendant's guilt on Count Three was overwhelming.

Finally, as to Count Five, the defendant's arguments in support of the motion are equally unpersuasive.   Again, the defendant appears to attack the quality of the evidence presented, specifically as to the defendant's knowledge that the short-barreled shotgun had a barrel of less than 18 inches.   The defendant already attacked the quality of the government's evidence on this point and the jury, again, found it to be unpersuasive.   Further, the defendant appears to argue that the jury verdict of not guilty as to Count Four necessarily means the proof was lacking as to the defendant's knowledge that the barrel length was less than 18 inches.   This is only speculative.   It is more likely, in light of the guilty verdict as to Count Five, that the jury found the proof was insufficient as to one of the elements of Count Four which was not common with Count Five.   Rather, as summarized above, the evidence received by the Court could easily lead a rational jury to find the defendant committed Count Five.

The proof on Counts One, Three and Five was overwhelming.   In summary, the jurors clearly believed that the defendant maintained dominion and control over the cocaine, the shotgun and ammunition, as well as the other items located inside 49 Troup Street,

Apartment 21, that he intended to distribute the cocaine, that the shotgun and ammunition affected interstate commerce, that he knew what he possessed was a shotgun with a barrel of less than 18 inches and that it was not registered to him in the NFRTR.   Given the testimony and physical evidence, as well as the observations of the officers involved in the search of the defendant's residence, the admissions made by the defendant during a jail telephone call, a rational juror could have easily determined that the defendant was guilty of possessing cocaine with intent to distribute, as charged in Count One of the Indictment.   Further, a rational jury could have easily determined that the defendant, a convicted felon, possessed the firearm and ammunition in and affecting commerce, as charged in Count Three. Finally, a rational jury could easily have found the defendant guilty of possessing an unregistered short-barreled shotgun, as charged in Count Five.   Accordingly, the defendant's motion under Rule 29 should be denied in its entirety.

## II.   STANDARD OF REVIEW FOR MOTIONS UNDER RULE 33

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."   Fed. R. Crim. Pro. 33 (a).   A motion for a new trial should only be granted in extraordinary circumstances.   See Romero v. United States, 28 F.3d 267, 268 (2d Cir. 1994) (per curiam).   A district court's denial of a Rule 33 motion is reviewed for abuse of discretion.   United States v. Wong, 78 F.3d 73, 78 (2d Cir. 1996); United States v. Parker, 903 F.2d 91, 103 (2d Cir. 1990).   The decision whether to conduct an evidentiary hearing on a motion for a new trial is discretionary.   See United States v.

Sasso, 59 F.3d 341, 350-51 (2d Cir.1995).   'Thus, while the court has broad discretion to grant a new trial, it must exercise its authority "sparingly and in the most extraordinary circumstances."'   United States v. Nevsky, 821 F.Supp.2d 524, 529 (S.D.N.Y. 2011) quoting United States v. Ferguson, 246 F.3d 129, 134 (2d Cir.2001).   The findings of fact made by a district court in any Rule 33 hearing will be overturned only if clearly erroneous.   See United States v. Imran, 964 F.2d 1313, 1318 (2d Cir. 1992).   "The ultimate test is whether letting a guilty verdict stand would be a manifest injustice.   There must be a real concern that an innocent person may have been convicted."   Nevsky, 821 F.Supp.2d at 530, quoting United States v. Canova, 412 F.3d 331, 349 (2d Cir. 2005).   In other words, a Court must be satisfied that competent, satisfactory and sufficient evidence exists in the record which supports the jury's guilty verdict.   United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992).   "In making this assessment, the judge must examine the totality of the case.   All facts and circumstances must be taken into account.   An objective evaluation is required."   Id.

**RESPONSE TO DEFENDANT'S ARGUMENTS**

The defense first argues that the Court should grant the motion for new trial because the jury's guilty verdict as to Count Five was "so inconsistent with the proof introduced at trial that no reasonable juror could have found the defendant guilty of count 5, and thus the interests of justice demand that the Court vacate the defendant's convictions and order a new trial on behalf of the defendant."   In other words, according to the defense's arguments, the interests of justice call for a new trial because the weight of the evidence is insufficient to

sustain the jury's verdict.   The government opposes this motion and asks that the Court deny the defendant's motion in its entirety.[3]

As discussed above, the government believes that the record contains sufficient evidence upon which the jury could reach a verdict of guilty as to Count Five.   The sufficient evidence includes, among other things and discussed in more detail above, testimony of witnesses, the physical evidence received during the trial, the statements made by the defendant while being questioned prior to and after arrest, as well as his own statements in a telephone call from the Monroe County Jail.   This evidence also includes the defendant's own testimony during the trial, part of which included admissions to possession of cocaine and the sawed-off shotgun.

Again the defense argues that because the jury found the government failed to prove the defendant's guilt beyond a reasonable doubt as to Count Four, there must be insufficient evidence of guilt to sustain the jury's guilty verdict as to Count Five.   For reasons argued above in the context of the post–trial Rule 29 response, the government believes that this argument is unconvincing.   It assumes that the jury found insufficient proof as to the defendant's knowledge as to the length of the shotgun barrel.   However, the jury could have found the defendant knew what he possessed was a shotgun with a barrel less than 18 inches

---

[3]  On page 3 of his motion, the defendant asks the Court to order a new trial as to Count One. The government opposes this motion.   The Court cannot conclude that a manifest injustice would occur in letting the guilty verdict stand given the evidence in the record which supports the jury's verdict as to this count.

in length but also found the government failed to meet its burden as to some other element of the offense in Count Four that is not common with Count Five.   The Court cannot be left with the sense that the interests of justice require a new trial as to Count Five because there is competent, satisfactory and sufficient evidence in the record which supports the jury's finding of guilt.

The Court should deny the defendant's motion for new trial as to Count Three, as well, because the record is replete with evidence that the defendant, a convicted felon, possessed the firearm and ammunition in and affecting interstate commerce.   As with Count Five, the defendant argues the Court must order a new trial as to Count Three because the jury rendered a not guilty verdict as to Count Four.   The defendant argues the verdicts are inconsistent, presumably because of insufficient evidence.   Again, this is simply speculative. The jury could, and apparently did, find that the government failed to meet its burden as to an element of Count Four which was not common with Count Three but also found that the government sustained its burden of proving the defendant's guilt as to each element of Count Three.   Either way, as to Count Three, the Court cannot be left with the sense that the interests of justice require a new trial as to Count Three because competent, satisfactory and sufficient evidence exists in the record which supports the jury's finding of guilt.

Correctly, the defendant's motion points to <u>Dunn v. United States</u>, 284 U.S. 390 (1932), as standing for the proposition that a defendant cannot attack a guilty verdict as to one count of an indictment because it appears to be inconsistent with an acquittal as to another

count.   However, the defendant's motion urges the Court to "exercise its discretion" by vacating the guilty verdicts and ordering a new trial as to Counts Five and Three due to the rationale advanced in United States v. Brooks, 703 F.2d 1273 (11th Cir. 1983), and United States v. Hannah, 584 F.2d 27 (3rd Cir. 1978).   In both cases, the reviewing courts vacated convictions for using a communications facility to facilitate underlying drug felonies.   These cases are easily distinguishable and do not apply here.   In these cases, the convictions for using a communications facility required convictions of the underlying felonies, for which the juries had rendered not guilty verdicts.   They were interdependent counts requiring the respective juries to find the defendants guilty of the underlying drug felonies in order to return guilty verdicts as to using communications facilities to facilitate those felonies.   See Hannah, 584 F.2d at 30; see also Brooks, 703 F.2d at 1278.

In this instance, Count Four is not a predicate offense for which there must be a guilty verdict in order for the jury to find guilty verdicts as to Counts Five and Three.   Each count, in the view of Dunn v. United States, is a separate indictment in and of itself.   The guilty verdicts "cannot be upset by speculation or inquiry."   284 U.S. at 393.

Based upon this, the Court cannot conclude that letting the guilty verdicts as to Counts One, Three and Five stand would be a manifest injustice because there is no concern that an innocent person has convicted.   Accordingly, the defendant's motion under Rule 33 should be denied in its entirety.

## CONCLUSION

For the above stated reasons, the government respectfully asks the District Court deny the defendant's motions for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure and for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

Dated:   Rochester, New York, April 25, 2016

WILLIAM J. HOCHUL, JR.
United States Attorney

By:     s/CHARLES E. MOYNIHAN
Assistant United States Attorney
United States Attorney's Office
Western District of New York
100 State Street, Suite 500
Rochester, New York   14614
(585) 263-6760, Ext. 23971
Charles.Moynihan@usdoj.gov

cc:     Bryan Oathout, Esq.