UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

              v.

WILLIE HARRIS,

              Defendant.

**DECISION AND ORDER**

6:14-CR-6149 EAW

---

## BACKGROUND

Defendant Willie Harris ("Defendant") was charged by a five-count Indictment as follows: (1) possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); (2) use of premises to manufacture, distribute and use a controlled substance in violation of 21 U.S.C. § 856(a)(1); (3) felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) & 924(e); (4) possession of a short-barreled shotgun in violation of 26 U.S.C. §§ 5822, 5845(a), 5861(c) & 5871; and (5) possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d) & 5871. (Dkt. 11).

A jury trial commenced on March 14, 2016. (Dkt. 76). On March 18, 2016, the jury convicted Defendant of counts 1, 3 and 5, but acquitted Defendant of counts 2 and 4. (Dkt. 81).

On March 25, 2016, Defendant filed a motion pursuant to Fed. R. Crim. P. 29 (Dkt. 84) seeking an acquittal on the grounds that the Government failed to present

sufficient evidence to prove beyond a reasonable doubt each and every element of counts 1, 3 and 5. On that same date, Defendant filed a motion seeking a new trial pursuant to Fed. R. Crim. P. 33. (Dkt. 83). In addition to contending that the evidence was insufficient to support the convictions with respect to counts 1, 3 and 5, Defendant contends that a conviction on count 5 was inconsistent with the acquittal on count 4, and that the jury then based its conviction on count 3 on the improper conviction on count 5.

The Government filed its papers in opposition to the motions on April 25, 2016. (Dkt. 91).

Then, while the Rule 29 and 33 motions were still pending, on May 9, 2016, Defendant filed a motion to be released from custody pursuant to 18 U.S.C. § 3143, pending sentencing, presently scheduled for July 12, 2016. (Dkt. 92). The Government filed its papers in opposition to that motion on May 17, 2016. (Dkt. 94).

For the reasons set forth below, Defendant's motions (Dkt. 83, 84, 92) are denied.

## DISCUSSION AND ANALYSIS

### I. MOTION PURSUANT TO RULE 29

#### A. *LEGAL STANDARD*

Fed. R. Crim. P. 29(c) provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict. . . ." Fed. R. Crim. P. 29(c)(1). Defendant filed his motion on March 25, 2016, seven days following the return of the guilty verdict by the jury. Accordingly, Defendant's motion is timely.

The standard on a motion for a judgment of acquittal is stringent, and a defendant claiming that he was convicted based on insufficient evidence "'bears a very heavy

burden.'" *United States v. Blackwood*, 366 F. App'x 207, 209 (2d Cir. 2010) (quoting *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002)). "In considering a motion for judgment of acquittal, the court must view the evidence presented in the light most favorable to the government." *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999). Accordingly, "[a]ll permissible inferences must be drawn in the government's favor." *Id.*

"If *any* rational trier of fact could have found the essential elements of the crime, the conviction must stand." *United States v. Puzzo*, 928 F.2d 1356, 1361 (2d Cir. 1991) (internal quotation and citation omitted) (emphasis in original). "The test is whether the jury, drawing reasonable inferences from the evidence, may fairly and logically have concluded that the defendant was guilty beyond a reasonable doubt." *Id.* (internal quotation and citations omitted). The evidence must be viewed "in its totality, not in isolation," *United States v. Huezo*, 546 F.3d 174, 178 (2d Cir. 2008), "as each fact may gain color from others." *Guadagna*, 183 F.3d at 130. The Court may enter a judgment of acquittal only if the evidence that the defendant committed the crime is "nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *Id.* (internal quotation and citation omitted).

A district court must be careful not to usurp the role of the jury. "Rule 29(c) does not provide the trial court with an opportunity to 'substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury.'" *Id.* at 129 (quoting *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir. 1984)). "A jury's verdict will be sustained if there is substantial evidence, taking the view most

favorable to the government, to support it." *United States v. Nersesian*, 824 F.2d 1294, 1324 (2d Cir. 1987). The government is not required "'to preclude every reasonable hypothesis which is consistent with innocence.'" *United States v. Chang An-Lo*, 851 F.2d 547, 554 (2d Cir. 1988) (citing *United States v. Fiore*, 821 F.2d 127, 128 (2d Cir. 1987)). Further, a jury's verdict may be based entirely on circumstantial evidence. *See United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995).

B. *SUMMARY OF EVIDENCE*[1]

The Government presented evidence at trial that on June 10, 2014, Defendant was interviewed by law enforcement outside his residence at 49 Troup Street, Apartment 21, Rochester, New York, as part of an investigation into alleged sex trafficking of a minor. During the discussion, Defendant was informed that the officers had a search warrant for his residence. Defendant was asked if there was a gun in his residence, and according to testimony presented at trial, he responded admitting that he had a gun and describing it as "a sawed off rifle, a sawed off little thing." Evidence was also presented that Defendant told the officers that drugs were in his residence and he was selling drugs "to make a little money."

Upon execution of the warrant, law enforcement seized, among other things, four small plastic bags containing rock-like material that appeared to be crack cocaine, additional packaging materials used to package controlled substances for distribution, a digital scale, a sawed off shotgun, six shotgun shells, and U.S. currency.

---

[1] This summary of the evidence has been prepared without the benefit of a written transcript, and is based on the Court's recollection of the evidence presented at trial.

The Government presented evidence that later that same day, Defendant was interviewed after being administered his Miranda rights, and during the interview Defendant made several admissions related to the firearm and suspected controlled substances, including admitting that there was a "sawed off rifle" in his residence, and that he sold crack cocaine to "buy clothes and put some money in my pocket." Defendant also stated in writing that he "had like 3 bags of crask [sic] and about $200" in his apartment, and that "[t]his morning I was going to buy another 8 ball and get bags to package it up." Harris denied the firearm located in the residence belonged to him, explaining that he was holding it for his nephew "Little D."

During the trial, the Government also presented evidence of Defendant's control of the apartment and its contents, including a photograph of mail addressed to Defendant taken during execution of the search warrant on June 10, 2014. The Government offered additional testimony detailing the search of Defendant's apartment. The Government also introduced evidence of a telephone call made from the Monroe County Jail after Defendant's arrest in which he admitted to possessing cocaine and selling it, and admitted that law enforcement had seized the sawed off shotgun and ammunition.

The Government also presented forensic evidence concerning the shotgun, the ammunition, and the suspected cocaine seized from Defendant's residence. The shotgun was test fired and found to be in working order. The shotgun was measured and the barrel length was less than 18 inches. Evidence was also presented that through testing, cocaine was identified in the rock-like material.

C.  *SUFFICIENCY OF EVIDENCE WITH RESPECT TO COUNT 1*

Count 1 of the Indictment charged Defendant with possession of cocaine with the intent to distribute, as follows:

> On or about June 10, 2014, in the Western District of New York, the defendant, WILLIE HARRIS, did knowingly, intentionally and unlawfully possess with intent to distribute a quantity of a mixture and substance containing cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(Dkt. 11 at 1). The jury was instructed that in order to prove that Defendant was guilty of the charges in this count, the Government must establish beyond a reasonable doubt each of the following three elements of the crime: (1) Defendant possessed a controlled substance; (2) Defendant knew that he possessed a controlled substance; and, (3) Defendant intended to distribute that controlled substance. *See* 3 Modern Federal Jury Instructions-Criminal § 56.01.

There was more than sufficient evidence to support Defendant's conviction on count 1. Based upon the evidence summarized above, which included Defendant's own admissions, a rational jury could conclude that Defendant possessed four bags of cocaine inside his apartment at 49 Troup Street, Apartment 21, on June 10, 2014, that he knew that what he possessed was cocaine, and that he intended to distribute it. Although Defendant challenged the Government's evidence, and in fact testified that the admissions and statements attributed to him were not his statements, Defendant's contentions in that regard were an issue for the jury to decide based upon its assessment of the credibility and weight of the evidence.

D. *SUFFICIENCY OF EVIDENCE WITH RESPECT TO COUNT 3*

Count 3 of the Indictment charged Defendant with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g), as follows:

> On or about June 10, 2014, in the Western District of New York, the defendant, WILLIE HARRIS, having been convicted on or about May 1, 2003, in Supreme Court, Monroe County, New York, and on or about August 28, 1995, in County Court, Monroe County, New York, and on or about April 7, 1993, in County Court, Monroe County, New York, of crimes punishable by imprisonment for a term exceeding one year, each a violent felony or a serious drug offense committed on occasions different from one another, unlawfully did knowingly possess, in and affecting commerce, a firearm, namely, (1) 12 gauge, Mossberg 500A slide action shotgun, bearing serial number P775429, and ammunition, namely, six (6) 12 gauge shotgun shells (Remington). All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).[2]

(Dkt. 11 at 2). The jury was instructed that in order for Defendant to be found guilty of the offense charged in count 3, the Government must establish beyond a reasonable doubt each of the following three elements: (1) Defendant was convicted in any court of a crime punishable by imprisonment for a term exceeding one year, as charged; (2) Defendant knowingly possessed the firearm and ammunition, as charged; and (3) the possession charged was in or affecting interstate or foreign commerce. *See* 2 Modern Federal Jury Instructions-Criminal § 35.07.

As with count 1, there was more than sufficient evidence to support Defendant's conviction on count 3. A rational jury could conclude, based upon the evidence introduced at trial, that Defendant, a convicted felon, knowingly possessed, in and

---

[2] The language of count 3 that was read to the jury removed the detailed references and descriptions of Defendant's prior criminal convictions, and instead simply indicated that Defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year.

affecting commerce, the firearm and ammunition as charged. There was no dispute that Defendant was a convicted felon – this was stipulated to by Defendant. In addition to the sawed-off shotgun and ammunition seized upon execution of the search warrant at 49 Troup Street, Apartment 21, evidence was introduced that Defendant made admissions concerning the firearm. The Government's proof also included evidence that the shotgun and ammunition were manufactured outside New York, and that the shotgun was operable. Again, while Defendant challenged this evidence, claiming that he simply held onto the firearm for his nephew and never took it out of its wrapping, those credibility determinations were for the jury to decide.

### E. *SUFFICIENCY OF EVIDENCE WITH RESPECT TO COUNT 5*

Count 5 of the Indictment charged Defendant with knowingly possessing a shotgun not registered to him in the National Firearms Registration and Transfer Record, as follows:

> On or about June 10, 2014, in the Western District of New York, the defendant, WILLIE HARRIS, knowingly possessed a firearm, that is, a short-barreled shotgun, being more fully described as a Mossberg 500A slide action, 12 gauge shotgun, bearing serial number P775429, having a barrel less than 18 inches in length, not registered to him in the National Firearms Registration and Transfer Record. All in violation of Title 26, United States Code, Sections 5841, 5845(a), 5861(d) and 5871.

(Dkt. 11 at 3). The jury was instructed that in order to convict Defendant of the charges in count 5, it would have to find that the Government had proven the following elements beyond a reasonable doubt: (1) that on or about the date alleged in the Indictment, Defendant had possession of a shotgun having a barrel of less than 18 inches in length; (2) Defendant had knowledge that what he possessed was a shotgun having a barrel of

- 8 -

less than 18 inches in length; and (3) the firearm was not registered to Defendant in the National Firearms Registration and Transfer Record. *See* 2 Modern Federal Jury Instructions-Criminal § 35.16.

In addition to the evidence discussed above, the Government introduced evidence that the firearm was not registered to Defendant in the National Firearm Registration and Transfer Record. Although Defendant contends that there is no evidence that he knew that the barrel length of the shotgun was less than 18 inches, a rational jury could conclude, based upon the evidence introduced at trial including the shotgun itself which the jury inspected, that Defendant knew that the barrel length was less than 18 inches. Indeed, evidence was admitted that Defendant acknowledged the shotgun was sawed-off or "a little thing," thus supporting a conclusion that he was aware that the barrel length was less than 18 inches. Accordingly, the evidence presented at trial was more than sufficient to support Defendant's conviction on count 5.

## II. <u>MOTION PURSUANT TO RULE 33</u>

Defendant has moved for a new trial, pursuant to Fed. R. Crim. P. 33, which allows a court to vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). In evaluating the sufficiency of the evidence for purposes of Rule 33, the Court "must examine the entire case, take into account all facts and circumstances, and make an objective evaluation." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *Id.* "The defendant bears the burden

of proving that he is entitled to a new trial under Rule 33. . . ." *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009).

"[M]otions for a new trial are disfavored in this Circuit," due to the strictness of this standard. *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995). A court will grant a new trial only "in the most extraordinary circumstances." *United States v. Locascio*, 6 F.3d 924, 949 (2d Cir. 1993). Indeed, to justify the granting of a Rule 33 motion, "a district court must find that there is a real concern that an innocent person may have been convicted." *McCourty*, 562 F.3d at 475 (internal quotation and citations omitted).

Here, in addition to challenging the sufficiency of the evidence to support the convictions on counts 1, 3 and 5, which is addressed above, Defendant also argues in his Rule 33 motion that a new trial is warranted because the conviction on count 5 is inconsistent with the acquittal on count 4, and that the conviction on count 3 was based on the improper conviction on count 5.

Count 4 of the Indictment, on which Defendant was acquitted, charged Defendant with knowingly possessing a shotgun having a barrel of less than 18 inches in length, as follows:

> on or about June 10, 2014, in the Western District of New York, the defendant, WILLIE HARRIS, did knowingly possess a firearm, that is, a short-barreled shotgun, being more fully described as a Mossberg 500A slide action, 12 gauge shotgun, bearing serial number P775429, with a barrel length of less than 18 inches, made in violation of Chapter 53 of Title 26, United States Code. All in violation of Title 26, United States Code, Section 5822, 5845(a), 5861(c) and 5871.

(Dkt. 11 at 2-3). The jury was instructed that in order to convict Defendant of the

charges in count 4, it would have to find that the Government had proven the following elements beyond a reasonable doubt: (1) Defendant knowingly possessed a firearm; (2) the firearm was a shotgun with a sawed-off barrel of less than 18 inches; (3) Defendant knew that it was a shotgun with a barrel of less than 18 inches; (4) the firearm was in, or could readily have been put in, operating condition; and (5) the firearm was made in violation of Chapter 53 of Title 26, United States Code. *See* Fifth Circuit Pattern Criminal Jury Instructions § 2.100; *United States v. Robare*, No. 8:07-CR-373 (FJS), 2011 WL 10583565, at *2 (N.D.N.Y. 2011) ("The essential elements of the offense alleged in Count 1 of the Superseding Indictment are that Defendant (1) knowingly possessed (2) a firearm that (3) was made in violation of the provisions of Chapter 53 of Title 26.").

Defendant argues that since his knowledge that he possessed a shotgun having a barrel of less than 18 inches in length was a required element of both counts 4 and 5, the jury reached an inconsistent verdict because it "somehow found that the defendant didn't possess this knowledge under count 4, but did possess this knowledge under count 5." (Dkt. 83 at 4). Defendant contends that there was no evidence at trial that Defendant knew the barrel was less than 18 inches in length. (*Id.*). Defendant argues: "There is no reasonable explanation for how a Jury could determine the defendant didn't know the length of the barrel under count 4, but knew the length of the barrel under count 5." (*Id.*).

As an initial matter, an acquittal on count 4 did not necessarily mean that the jury determined that the Government had failed to prove beyond a reasonable doubt that Defendant knew that he possessed a shotgun with a barrel of less than 18 inches. An

- 11 -

element of count 4, that was not required for a conviction on count 5, included proof that the firearm was made in violation of Chapter 53 of Title 26, United States Code, whereas in contrast, count 5 required proof that the firearm was not registered to Defendant in the National Firearms Registration and Transfer Record.

Moreover, even if a fair interpretation of the jury's verdict is that an acquittal on count 4 is inconsistent with a conviction on count 5, such an inconsistency is not within the province of the Court to remedy based solely on that inconsistency. As even Defendant recognizes, the Supreme Court more than eighty years ago in *Dunn v. United States*, 284 U.S. 390 (1932), held that a defendant cannot attack a conviction based upon its alleged inconsistency with an acquittal on another count. As the Supreme Court explained:

> Consistency in the verdict is not necessary. . . . "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity."

*Id.* at 393 (quoting *Steckler v. United States*, 7 F.2d 59, 60 (2d Cir. 1925)). *See also United States v. Acosta*, 17 F.3d 538, 545 (2d Cir. 1994) ("it has long been established that inconsistency in jury verdicts of guilty on some counts and not guilty on others is not a ground for reversal of the verdicts of guilty"); *United States v. Romano*, 879 F.2d 1056, 1060 (2d Cir. 1989) ("the jury is free to exercise its historic power of lenity if it believes that a conviction on one count would provide sufficient punishment"); *United States v. Carbone*, 378 F.2d 420, 423 (2d Cir. 1967) ("allowing inconsistent verdicts in criminal

trials runs the risk that an occasional conviction may have been the result of compromise. But the advantage of leaving the jury free to exercise its historic power of lenity had been correctly thought to outweigh that danger.").

Notwithstanding this well-established rule, Defendant contends that there are certain exceptions to the rule, citing *United States v. Brooks*, 703 F.2d 1273 (11th Cir. 1983) and *United States v. Hannah*, 584 F.2d 27 (3d Cir. 1978), both of which held that a conviction under 21 U.S.C. § 843(b) for using a communications facility to facilitate an underlying drug conspiracy must be reversed when there is an acquittal on the underlying conspiracy count. (Dkt. 83 at 4-5). The Government attempts to distinguish these cases based upon their facts. (Dkt. 91 at 15). However, there is a more fundamental problem with Defendant's reliance upon these cases – their holdings have been rejected by the Supreme Court.

In *United States v. Powell*, 469 U.S. 57 (1984), the Supreme Court rejected the decisions in *Brooks* and *Hannah*, as well as other circuit court decisions which had attempted to distinguish *Dunn* and carve out exceptions to its rule. Instead, the Supreme Court in *Powell* reaffirmed the *Dunn* rule that inconsistent verdicts are not reviewable and there is no basis to vacate a "conviction merely because the verdicts cannot rationally be reconciled." *Id.* at 69.

As a result, where, as in this case, there was sufficient evidence presented to support a conviction on count 5 (as discussed above), the alleged inconsistency of that conviction with the acquittal on count 4 is not a basis to set aside the verdict and grant a new trial. *Romano*, 879 F.2d at 1060 ("review for sufficiency of the evidence is a

sufficient safeguard against jury irrationality") (citing *Powell*, 469 U.S. at 67).

### III. MOTION TO BE RELEASED PENDING SENTENCING

Defendant seeks to be released one week prior to sentencing so that he may see his family and get his personal affairs in order prior to any prison sentence. (Dkt. 92 at ¶¶ 4-5). Defendant also contends that he would use this time to speak to his medical professionals about issues with his hand and his hips. (*Id.* at ¶ 6).

The standard for release or detention pending sentence is set forth at 18 U.S.C. § 3143(a). For a defendant such as Mr. Harris, who has been convicted of violations of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, where the maximum term of imprisonment is ten years or more, the Court must order the defendant detained pending sentencing unless "the judicial officer finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted . . . or . . . an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person" and "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). In this case, there is neither a substantial likelihood that a motion for acquittal or new trial will be granted (in fact, by virtue of this Decision and Order, it is being denied), nor has an attorney for the Government recommended that no sentence of imprisonment be imposed.

However, an additional avenue for release is found at 18 U.S.C. § 3145(c), which states, in relevant part, as follows:

> A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if

it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).[3]

Once convicted, a defendant bears the burden of proof to establish his entitlement to bail. *United States v. Nicolo*, 706 F. Supp. 2d 330, 331 (W.D.N.Y. 2010). *See also United States v. Light*, 599 F. Supp. 874, 876 (E.D.N.Y. 1984) ("Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal." (quotation omitted)). *Cf. United States v. Wheeler*, 795 F.3d 839, 840 (9th Cir. 1986) (burden is on defendant post-conviction to establish right to bail); *United States v. Strong*, 775 F.2d 504, 505 (3d Cir. 1985) (same); *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985) (same).

---

[3] The Government notes that there is some disagreement among courts as to whether § 3145(c)'s exceptional circumstances provision is available to a defendant who is otherwise required to be detained pursuant to § 3143(a)(2). (Dkt. 94 at 5 n.2). This Court finds that the plain language of § 3145(c) allows for the application of exceptional circumstances to a defendant otherwise required to be detained by § 3143(a)(2). In addition, the Second Circuit Court of Appeals and other district courts within this Circuit have recognized the availability of the exceptional circumstances application to a defendant who, while neither a flight risk nor danger, is facing a prison sentence and cannot establish a likelihood that a motion for acquittal or new trial will be granted. *See United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) ("a defendant convicted of a crime of violence and awaiting sentencing who cannot satisfy the criteria set forth in § 3143(a)(2) may nevertheless be released if (1) the district court finds that the conditions of release set forth in §3143(a)(1) have been met [i.e. clear and convincing evidence that defendant is not a risk of flight or danger], *and* (2) 'it is clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate.'"). Therefore, to the extent courts have held otherwise, including the Southern District of New York in *United States v. Chen*, 257 F. Supp. 2d 656 (S.D.N.Y. 2003), this Court disagrees. *See also United States v. Meister*, 744 F.3d 1236, 1238 (11th Cir. 2013) (recognizing that majority of circuits have found that district courts qualify as "judicial officers" within § 3145(c) and have authority to determine whether a defendant otherwise subject to detention under § 3143(a)(2) may be released pursuant to § 3145(c)).

Thus, in order for Defendant to be released pending sentencing, he would have to establish: (1) by clear and convincing evidence that he is not likely to flee; (2) by clear and convincing evidence that he does not pose a danger to any other person or the community; and (3) that exceptional reasons are clearly shown warranting his release. Here, Defendant is unable to meet these criteria.

Defendant has been detained in this case since his arrest in June 2014. Defendant faces a significant period of incarceration for his convictions. According to the Presentence Investigation Report dated June 6, 2016, Defendant is classified as a career offender due to his criminal history, and with a total offense level of 34 and a criminal history category of VI, he is facing a recommended guideline imprisonment range of 262 to 327 months.[4] Notwithstanding Defendant's family ties and prior record of making court appearances, this does not counterbalance the significant and serious flight risk that he presents given his convictions in this case and penalties that he faces. Defendant has not established by clear and convincing evidence that he is not a flight risk.

In addition, Defendant has a significant criminal history, including drug and firearms offenses and crimes of violence, dating back thirty years. Defendant states in a conclusory fashion that he does not present a danger to the community, but he has wholly failed to satisfy his burden to establish by clear and convincing evidence that his release

---

[4] The Presentence Investigation Report dated June 6, 2016, acknowledges that as of August 1, 2016, an amendment to USSG § 4B1.1 will impact Defendant's status as a career offender, causing his guideline range to be reduced to 210 to 262 months, based upon an offense level of 34 and criminal history category of IV. However, even considering the possibility of this reduced sentencing guideline range, Defendant is still facing a significant period of incarceration.

would not present a risk of danger. Indeed, the record establishes the exact opposite – Defendant's release would endanger the community.

Finally, even if Defendant could establish by clear and convincing evidence that he does not present a risk of flight or danger, there are no exceptional reasons warranting Defendant's release. His desire to get his affairs in order and speak to his medical professionals simply does not rise to the level of exceptional circumstances. *See United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)).

## CONCLUSION

For the foregoing reasons, Defendant's motions for acquittal pursuant to Fed. R. Crim. P. 29 (Dkt. 84) and a new trial pursuant to Fed. R. Crim. P. 33 (Dkt. 83) are denied. In addition, Defendant's motion to be released pending sentencing (Dkt. 92) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 17, 2016
Rochester, New York